**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

RENE ANTONIO BENITEZ *et al.*,

*Plaintiffs*,

v.

U.S. DEPARTMENT OF HOMELAND SECURITY *et al.*,

*Defendants*.

Case No. 26-cv-2082

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO PROCEED UNDER PSEUDONYMS AND FOR PROTECTIVE ORDER**

## TABLE OF CONTENTS


INTRODUCTION ........................................................................................................ 1

ARGUMENT ............................................................................................................ 2

I. The Court Should Grant Pseudonymous Plaintiffs Leave to Proceed Under Pseudonyms. ........................................................................................................ 2

A. This Litigation Involves Highly Sensitive, Personal, and Confidential Matters (Factors One and Seven). ........................................................................ 2

B. Disclosure of Pseudonymous Plaintiffs' Identities Creates a Real Risk of Retaliation Against Them and Other Innocent Non-Parties (Factors Two, Three, and Four). ........................................................................................ 3

C. The Public Interest Factors Favor Pseudonymity (Factors Five, Eight, and Nine). ........................................................................................................ 6

D. Pseudonymity Does Not Prejudice Defendants (Factor Six). ................................ 7

II. Pseudonymous Plaintiffs' Privacy Interests Justify Treating Their Real Names and PII As Attorneys' Eyes Only Information. ........................................................... 7

CONCLUSION .......................................................................................................... 9

## INTRODUCTION

Plaintiffs J.R.H.L., H.L.A.O., A.M.C., F.R.P., and R.C.R. ("Pseudonymous Plaintiffs")[1] are five of hundreds of people (if not more) who have been unlawfully stopped and arrested by federal immigration enforcement agents in violation of the U.S. Constitution and clear federal law. They have joined this action to end Defendants' unlawful and widespread policies and practices of stopping individuals without reasonable suspicion and arresting them without probable cause that they are either in the United States without authorization or are likely to escape before a warrant be obtained. Compl. ¶¶ 2-10. These policies have harmed at least hundreds of others across the state of New York and threaten to harm many more. *See id.* ¶¶ 2, 120. Because Plaintiffs challenge highly divisive policies that have been the focus of significant political and media attention, disclosing their identities to the public or to Defendants puts them at greater risk of retaliation both from members of the public and government agents, who have a demonstrated history of taking retaliatory action against similarly situated parties.

Given Pseudonymous Plaintiffs' well-founded concern that disclosure of their identities will cause them particular and severe harm, Plaintiffs respectfully move the Court for leave to proceed under pseudonyms in this litigation. Plaintiffs also ask the Court to order that their names and other Personally Identifying Information ("PII") be treated as highly confidential information subject to an Attorneys' Eyes Only ("AEO") designation within the scope of this case.

[1] Plaintiffs Rene Antonio Benitez, Darwin Garcia Medrano, and Hesler Asaf Garcia Lanza do not seek to proceed under pseudonyms.

## ARGUMENT

A plaintiff may proceed under a pseudonym if "the plaintiff's interest in anonymity" outweighs "the public interest in disclosure and any prejudice to the defendant." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 189 (2d Cir. 2008) (specifying non-exhaustive ten-factor inquiry).[2] Here, as discussed below, all of the relevant factors weigh strongly in favor of allowing Pseudonymous Plaintiffs to proceed pseudonymously: Pseudonymous Plaintiffs have a strong interest in anonymity given the sensitive nature of these proceedings and the risk of harm to not only themselves but their loved ones. By contrast, the public's interest in their exact identities is minimal, and any prejudice to Defendants can be minimized. The Court also should enter a protective order designating Pseudonymous Plaintiffs' real names and other PII as highly confidential and subject to an AEO designation.

### I. The Court Should Grant Pseudonymous Plaintiffs Leave to Proceed Under Pseudonyms.

#### A. This Litigation Involves Highly Sensitive, Personal, and Confidential Matters (Factors One and Seven).

The first and seventh *Sealed Plaintiff* factors weigh in favor of granting Plaintiffs' motion because Plaintiffs' claims involve "matters that are highly sensitive and of a personal nature," and

[2] These factors are: (1) "whether the litigation involves matters that are 'highly sensitive and [of a] personal nature'"; (2) "whether identification poses a risk of retaliatory physical or mental harm to the . . . party [seeking to proceed anonymously] or even more critically, to innocent non-parties"; (3) "whether identification presents other harms and the likely severity of those harms"; (4) "whether the plaintiff is particularly vulnerable to the possible harms of disclosure"; (5) "whether the suit is challenging the actions of the government or that of private parties"; (6) "whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court"; (7) "whether the plaintiff's identity has thus far been kept confidential"; (8) "whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity"; (9) "whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities"; and (10) "whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff." *Sealed Plaintiff*, 537 F.3d at 190.

Plaintiffs have taken steps to keep their identities confidential.[3] *Sealed Plaintiff*, 537 F.3d at 190 (cleaned up). Plaintiffs allege that they were unlawfully stopped and arrested by federal immigration enforcement agents as a result of Defendants' unlawful policies and practices. All of them were detained at length, and some were put in removal proceedings. Others have pending asylum or other immigration claims, all of which is highly confidential and sensitive. Courts routinely treat immigration matters like these "with sensitivity under the Federal Rules of Civil Procedure and the INA" and grant permission to proceed anonymously. *R.F.M. v. Nielsen*, 365 F. Supp. 3d 350, 370-72 (S.D.N.Y. 2019); *see also M.M. v. Mayorkas*, 2024 WL 1795766, at *2 (S.D.N.Y. Apr. 25, 2024) (granting motion to proceed anonymously in class action challenging rules applying to Special Immigrant Juvenile petitions because "[t]he facts underlying [p]laintiff's claim" involved a "highly sensitive and personal matter"); *M.O. v. Mayorkas*, 2023 WL 7300960, at *2 (W.D.N.Y. Nov. 6, 2023) (permitting asylum seeker plaintiff to proceed under a pseudonym).

### B. Disclosure of Pseudonymous Plaintiffs' Identities Creates a Real Risk of Retaliation Against Them and Other Innocent Non-Parties (Factors Two, Three, and Four).

The second, third, and fourth *Sealed Plaintiff* factors also weigh in favor of granting Pseudonymous Plaintiffs' motion because disclosing their identities creates a risk of severe harm and retaliation to them, their families, and their communities, and they are particularly vulnerable to such harms. Proceeding under a pseudonym is appropriate where it will protect plaintiffs against retaliation, whether from the government or the general public. *See*, *e.g.*, *Plaintiffs # 1-21 v. County of Suffolk*, 138 F. Supp. 3d 264, 267 (E.D.N.Y. 2015) (granting motion to proceed pseudonymously

---

[3] Although the identity of one Pseudonymous Plaintiff has been previously published when a local newspaper published an account of his arrest, there is good cause to allow him to proceed pseudonymously with respect to this action. Specifically, this case is likely to attract greater attention and scrutiny from the public than the prior revelation of this Pseudonymous Plaintiff's name, which puts him at a much greater risk of retaliation by the government and harassment by the public. *See* Decl. of Alina Das ¶¶ 3-5.

where plaintiffs alleged disclosing their identities would cause the government to retaliate against them); *cf. K.U. v. Freden*, 2025 WL 1473974, at *3 (W.D.N.Y. May 21, 2025) ("Federal courts have permitted asylum seekers to proceed anonymously in federal court proceedings," noting that such litigants "are particularly vulnerable to retaliation if their names are revealed."). The need for anonymity is "critically" important where a plaintiff's "identification poses a risk of retaliatory physical or mental harm" to "innocent non-parties." *Sealed Plaintiff*, 537 F.3d at 190.

Pseudonymity is necessary here to protect Pseudonymous Plaintiffs and their families from retaliation by law enforcement and members of the public. Plaintiffs assert that they were illegally stopped, arrested, and detained under policies that Defendants created and that "the Defendants perpetrated" unlawful acts "against the Plaintiffs." *Plaintiffs #1-21*, 138 F. Supp. 3d at 272; *see* Compl. ¶¶ 201-16, 256-342, 394-479. Pseudonymous Plaintiffs' fear that disclosing their identities may result in them being targeted by the government for further enforcement and potential deportation or removal is thus well-founded. In similar circumstances, "courts have found the second, third, and fourth factors to weigh in favor of anonymity." *Plaintiffs #1-21*, 138 F. Supp. 3d at 272 (collecting cases and finding plaintiffs had reasonable fear of retaliation where they alleged police officers had "been repeatedly subjected to unconstitutional actions," including "being stopped and robbed by [the defendant] and an unnamed group of [police officers]").

The danger of retaliation is especially acute given the significant number of documented instances of retaliation by both the government and members of the public against those who have advocated against the Trump Administration's immigration policy. Those who speak out or oppose the federal government's immigration policy face "intense public scrutiny." *Escobar Molina v. U.S. Dep't of Homeland Sec.*, 2025 WL 2800807, at *2 (D.D.C. Oct. 1, 2025). For example, in Portland, Maine, federal agents scanned an observer's face with a smartphone, appeared to record

her car license plate number, called her a domestic terrorist, and told her she would be added to a domestic terror watchlist. *See Hilton v. Noem*, No. 2:26-cv-00092 (D. Maine Feb. 23, 2026), Dkt. 3; *see also Hussen v. Noem*, No. 26-cv-00324 (D. Minn.), Dkt. 178 ¶¶ 4-12, Dkt. 179 ¶ 10, Dkt. 181 ¶¶ 17-18 (detailing instances of government retaliation in response to public protest relating to immigration enforcement efforts in Minnesota). And just last year, the government detained and subsequently attempted to deport Mahmoud Khalil, an activist based in New York City, in direct response to his political speech against the Trump administration. *See Khalil v. Trump*, 786 F. Supp. 3d 871, 879 (D.N.J. 2025) (finding evidence showed that it was "overwhelmingly likely" Mahmoud would not have been detained but-for the Secretary's determination that Mahmoud was removable based on his political speech), *vacated and remanded on other grounds*, 164 F.4th 259 (3d Cir. 2026).

Disclosure would also expose Pseudonymous Plaintiffs and their families to doxing and harassment from the public. Numerous examples of harassment by the general public against individuals exercising their First Amendment rights on immigration issues have been documented in recent months. For example, after a Massachusetts bakery began selling cookies with explicit language protesting Immigration and Customs Enforcement ("ICE"), strangers posted the owner's home address online, threatened to assault her employees, and sent death and arson threats. Declaration of Giovanni Scarcella ("Scarcella Decl."), Ex. 1 (Zullo). Even individuals just tangentially related to public immigration issues have found themselves caught in crosshairs and subject to threats and harassment. Following the killing of Renee Good by a federal immigration officer in Minneapolis and subsequent reporting on her involvement with her son's school, teachers and staff members of the school received threats and had their names and addresses posted on social media. *Id.*, Ex. 2 (Tolan et al.), Ex. 3 (Dernbach). And in the case of Kilmar Abrego

García, a noncitizen who has repeatedly tried to vindicate his rights in federal court to prevent his deportation, his family was forced to move to a safe house after federal government officials posted a court document with the family's address to social media. *Id.*, Ex. 4 (Paúl).

Pseudonymous Plaintiffs' fear of retaliation is well-founded. Courts in similar immigration cases involving similar plaintiffs asserting similar claims have found it appropriate to allow them to proceed by pseudonym. *See Escobar Molina*, 2025 WL 2800807, at *1-2 (granting motion to proceed pseudonymously where plaintiffs alleged that government defendants subjected them to harm from warrantless arrests and "disclosure of their identities and immigration statuses would expose them and their families to potential harassment and intimidation"); *CASA, Inc. v. Trump*, 2025 WL 2263001, at *13 (D. Md. Aug. 7, 2025) (same because plaintiffs' "fear of retaliation is not speculative; the news is replete with reports of deportations, and the defendants have not assured the plaintiffs they will not retaliate against them"). The Court should do the same here.

### C. The Public Interest Factors Favor Pseudonymity (Factors Five, Eight, and Nine).

*Sealed Plaintiff* factors five, eight, and nine also weigh in favor of granting Pseudonymous Plaintiffs' motion. Because their "suit is challenging the actions of the government," disclosure of their identities does not further the public's interest in the litigation, and there is an "atypically weak" public interest in knowing their identities. *Sealed Plaintiff*, 537 F.3d at 190. As in *Sealed Plaintiff*, Plaintiffs are challenging a government policy applicable to them and many others across the state of New York. Thus, while "the public has an interest in [the] litigation" itself, "that interest does not necessarily extend to the exact identity of the plaintiff[s]" here. *J.M.H. v. Freden*, 2025 WL 81919, at *3 (W.D.N.Y. Jan. 13, 2025). Moreover, "in suits against the government, a plaintiff's interest in anonymity is 'particularly strong,' as institutional defendants are less likely

to be prejudiced by a plaintiff's anonymity." *Trooper 1 v. N.Y. State Police*, 2022 WL 22869548, at *4 (E.D.N.Y. June 9, 2022). These factors thus also support Pseudonymous Plaintiffs' motion.

### D. Pseudonymity Does Not Prejudice Defendants (Factor Six).

Finally, Pseudonymous Plaintiffs' motion should be granted because it will not prejudice Defendants. The sixth *Sealed Plaintiff* factor asks "whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court." *Sealed Plaintiff*, 537 F.3d at 190. Suits against the government "involve no injury to the Government's reputation," *N. Jersey Media Grp. Inc. v. Doe Nos. 1-5*, 2012 WL 5899331, at *7 (S.D.N.Y. Nov. 26, 2012) (cleaned up), and Plaintiffs are willing to meet and confer with Defendants to prevent any prejudice that Defendants assert will arise from Pseudonymous Plaintiffs so proceeding. Accordingly, this factor weighs in favor of granting Plaintiffs' motion and allowing them to proceed under a pseudonym.

## II. Pseudonymous Plaintiffs' Privacy Interests Justify Treating Their Real Names and PII As Attorneys' Eyes Only Information.

Given the risk of harm and retaliation to Pseudonymous Plaintiffs, they also seek to limit the disclosure of their real names and PII to only counsel for Defendants on an attorneys' eyes-only ("AEO") basis. "Courts are endowed with broad discretion to tailor protective orders to the circumstances of a particular litigation." *In re Zyprexa Inj.*, 474 F. Supp. 2d 385, 413 (E.D.N.Y. Feb. 13, 2007). A protective order with an AEO provision is justified when the risk of harm "to the producing party" exceeds "the requesting party's need for the information." *Jane St. Grp., LLC v. Millennium Mgmt. LLC*, 2024 WL 2833114, at *1 (S.D.N.Y. June 3, 2024). Courts in the Second Circuit have used AEO designations to address "Plaintiffs' concerns arising from ICE's dual role as a defendant in [one] action and the prosecutor in [separate] immigration proceedings." *Aguilar*

*v. Immigr. & Customs Enf't Div. of U.S. Dep't of Homeland Sec.*, 2009 WL 1789336, at *5 (S.D.N.Y. June 23, 2009) (collecting cases). Indeed, some courts have found that, "notwithstanding the 'attorneys' eyes only' designation, the mere fact that ICE in-house counsel also serve as immigration prosecutors heightens the risk that they might inadvertently reveal information subject to that restriction." *Id.*

An AEO provision is appropriate here because, as explained above, Pseudonymous Plaintiffs have a well-founded concern regarding the potential for retaliation by federal immigration officers. *See* Section I.B, *supra*. Even beyond the "inadvertent" disclosure considered in *Aguilar*, Defendants have recently publicized litigants' sensitive information. Scarcella Decl., Ex. 4 (Paúl); Ex. 5 (Walker). Absent an assurance from Defendants that "they will not retaliate against" Plaintiffs, their "fear of retaliation is not speculative; the news is replete with reports of deportations." *CASA, Inc.*, 2025 WL 2263001, at *13. Without these protections, Plaintiffs could face the same fate as other litigants who have been retaliated against. *See* Section I.B, *supra*; Das Decl. ¶¶ 3-5.

Moreover, it is not necessary that Defendants know Pseudonymous Plaintiffs' PII for Defendants' counsel to defend the suit, at least at this stage of proceedings. Plaintiffs allege that Defendants have applied a policy or practice of suspicionless stops and warrantless arrests to hundreds of individuals across the state of New York. Compl. ¶¶ 2-10, 120. Plaintiffs' claims center on whether that policy or practice violates federal law, and Plaintiffs' individual identities are not necessary for Defendants to defend against these claims, particularly at this stage of the litigation. An AEO designation will ensure Defendants' attorneys have the information they need to defend this case.

Because the risk of harm in disclosing Pseudonymous Plaintiffs' real names and PII to Defendants is significant, and Defendants' interest in obtaining Plaintiffs' real names is minimal, this Court should enter a protective order deeming Pseudonymous Plaintiffs' real names and other PII as highly confidential information subject to an AEO designation.

**CONCLUSION**

For the above reasons, Pseudonymous Plaintiffs request that the Court permit them to proceed under pseudonyms in this action.

Dated: April 8, 2026
New York, NY

*/s/ Mark Gimbel*
Mark Gimbel
Giovanni Scarcella
Cecile Duncan**
COVINGTON & BURLING LLP
30 Hudson Yards
New York, New York, 10001
Phone: 212-841-1000
mgimbel@cov.com
gscarcella@cov.com
cduncan@cov.com

Jeffrey Cao**
COVINGTON & BURLING LLP
One CityCenter, 850 Tenth Street, NW
Washington, DC 20001
Phone: 202-662-6000
jcao@cov.com

Amy Belsher*
Ifeyinwa Chikezie*
Wafa Junaid*
Molly Biklen*
NEW YORK CIVIL LIBERTIES UNION FOUNDATION
125 Broad Street, 19th Floor
New York, NY 10004
Phone: 212-607-3300
abelsher@nyclu.org
ichikezie@nyclu.org
wjunaid@nyclu.org

mbiklen@nyclu.org

Meghna Philip*
Hasan Shafiqullah*
Evan Henley*
Brian Perbix*
THE LEGAL AID SOCIETY
49 Thomas Street, 10th Floor
New York, NY 100013
Phone: 212-577-3300
mphilip@legal-aid.org
hhshafiqullah@legal-aid.org
ewhenley@legal-aid.org
bperbix@legal-aid.org

Paige Austin*
Harold Solis*
MAKE THE ROAD NEW YORK
301 Grove Street
Brooklyn, NY 11237
Phone: 718-418-7690
paige.austin@maketheroadny.org
harold.solis@maketheroadny.org

*Attorneys for Plaintiffs*

**Notice of appearance forthcoming*
***Pro hac vice application forthcoming*