**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

RENE ANTONIO BENITEZ *et al.*,

                       *Plaintiffs*,

       v.

U.S. DEPARTMENT OF HOMELAND
SECURITY *et al.*,

                   *Defendants*.

Case No. 2:26-cv-2082

## [PROPOSED] ORDER

Upon consideration of Plaintiffs' Motions for a Preliminary Injunction and for Provisional Class Certification ("Motions"), any opposition and reply, and the entire record herein,

The Court finding that Plaintiffs are likely to succeed on the merits of their claim for relief, that they will suffer irreparable injury if the requested relief is not issued, and that the balance of the equities and public interest favor the entry of such an order,

And the Court further finding that the proposed class satisfies the requirements of Fed. R. Civ. P. 23 in that the proposed class is sufficiently numerous and satisfies the commonality, typicality, and adequacy requirements; and that Plaintiffs' counsel are qualified to serve as class counsel for the provisionally certified class; and that the proposed class should therefore be provisionally certified for purposes of the preliminary injunction, it therefore is

**ORDERED** that Plaintiffs' Motion is **GRANTED**.

It is further **ORDERED** that the following class is provisionally certified:

> All persons who, since January 20, 2025, have been or will be arrested in New York State for alleged civil immigration violations without a warrant and without a pre-arrest, individualized assessment of probable cause that the person is likely to escape.

It is further **ORDERED** that Plaintiffs' counsel from the Legal Aid Society of New York, the New York Civil Liberties Union Foundation, Make the Road New York, and Covington & Burling, LLP, are hereby provisionally appointed as counsel for the provisionally certified Plaintiff Classes.

It is further **ORDERED** that Defendants' policy and practice of making warrantless immigration arrests in New York State without a pre-arrest individualized determination of probable cause to believe that the person being arrested is likely to escape before a warrant can be obtained is stayed pursuant to 5 U.S.C. § 705.

It is further **ORDERED** that:

1. Defendants and their agents are enjoined from making warrantless immigration arrests in New York State unless, pre-arrest, the arresting agent has probable cause to believe that the person being arrested is likely to escape before a warrant can be obtained, as required by 8 U.S.C. § 1357(a)(2) and 8 C.F.R. § 287.8(c)(2)(ii).

2. Any agent of Defendants who conducts a warrantless immigration arrest in New York State **SHALL** comply with all requirements set forth in DHS's "Broadcast Statement of Policy" on compliance with 8 U.S.C. § 1357(a)(2).

3. Any Defendant or their agent who conducts a warrantless arrest in New York State **SHALL**, as soon as practicable, document the facts and circumstances surrounding a warrantless immigration arrest in narrative form. This documentation shall include the specific, particularized facts that supported the agent's pre-arrest probable cause to believe that the person is likely to escape before a warrant can be obtained, including the following facts that are required to be documented pursuant to DHS's "Broadcast Statement of Policy" on compliance with 8 U.S.C. § 1357(a)(2): "that the [person] was arrested without a warrant"; "the location of

2

the arrest and whether this location was a place of business, residence, vehicle, or a public area"; "the [person's] ties to the community, if known at the time of arrest, including family, home, or employment . . ."; and "the specific, particularized facts supporting the conclusion that the [person] was likely to escape before a warrant could be obtained." The documentation **SHALL** include the date and time that the agent made the pre-arrest determination of probable cause, the date and time of the arrest, and the date and time the agent completed the documentation.

4.      Any agent of Defendants **SHALL NOT** use boilerplate or copy-and-pasted language when describing the individualized assessment of flight risk in the documentation ordered above.

5.      Defendants **SHALL** ensure that all officers authorized to execute immigration arrests in this New York State are trained on the requirements of this Order.

6.      **Within ninety (90) days of this Order, and every thirty (30) days thereafter** until all immigration officers who are charged with making warrantless arrests in New York State have been so trained, Defendants **SHALL** serve to Plaintiffs' counsel documentation showing that they are completing training of immigration officers who have performed, or will perform, operations in New York State, on the requirements articulated above.

7.      **Within thirty (30) days of this Order and every thirty (30) days thereafter** until this litigation is terminated or the Court rules otherwise, Defendants **SHALL** release to Plaintiffs' counsel the documentation describing Defendants' and their agents' warrantless immigration arrests within New York State, or if requested by Plaintiffs' counsel concerning specific individual warrantless arrests, no later than

3

(7) days after the request. Such documentation shall include, for each warrantless arrest, the Form I-213 and any associated Form I-200 warrant.

It is further **ORDERED** that this injunction shall be effective upon service on the Defendants, and Plaintiffs shall not be required to post a bond.

**SO ORDERED.**

Date: _____        _____