

April 14, 2026

Honorable Sanket Bulsara
U.S. District Court Judge
Eastern District of New York
100 Federal Plaza
Courtroom 930
Central Islip, NY 11722
**Via ECF**

**<u>Letter-Motion as to Relatedness Pursuant to E.D.N.Y. Division of Business Rule 3(b)</u>**
       <u>Earlier-filed case:</u> *Benitez v. Genalo et al.*, 2:26-cv-01122-SJB
       <u>Related case:</u> *Benitez et al. v. U.S. Department of Homeland Security et al.*, 26-cv-02082

Dear Judge Bulsara:

On April 8, 2026, Petitioner Rene Antonio Benitez, along with seven other Latino individuals and a nonprofit organization, filed a class action complaint for vacatur, declaratory and injunctive relief against the Department of Homeland Security, the Department of Justice, and a number of component agencies—including U.S. Immigration and Customs Enforcement ("ICE") and its New York City and Buffalo Field Offices—challenging their policy and practice of conducting race-based, suspicionless stops and warrantless arrests without probable cause in violation of the Fourth and Fifth Amendments, the Administrative Procedure Act ("APA"), and the Immigration and Naturalization Act ("INA") and its implementing regulations. *See* Compl., *Benitez et al. v. U.S. Department of Homeland Security et al.*, 26-cv-02082 (DE 1). On April 13, 2026, Plaintiffs in that action moved for a preliminary injunction or stay of Defendants' policy and practice of making warrantless immigration arrests in New York state without probable cause in violation of 8 U.S.C. § 1357(a)(2), and for provisional certification of a class of "[a]ll persons who, since January 20, 2025, have been or will be arrested in New York for alleged immigration violations without a warrant and without a pre-arrest, individualized assessment of probable cause that the person is likely to escape." *See id.* (DE 21-23).

Because there is significant overlap between the factual and legal issues presented in the recently filed class action and this habeas corpus petition, the cases arise from the same

| BROOKLYN | QUEENS | STATEN ISLAND | LONG ISLAND | WESTCHESTER |
|---|---|---|---|---|
| 301 GROVE STREET | 104-19 ROOSEVELT AVENUE | 161 PORT RICHMOND AVENUE | 1090 SUFFOLK AVENUE | 46 WALLER AVENUE |
| BROOKLYN, NY 11237 | CORONA, NY 11368 | STATEN ISLAND, NY 10302 | BRENTWOOD, NY 11717 | WHITE PLAINS, NY 10605 |
| 718 418 7690 | 718 565 8500 | 718 727 1222 | 631 231 2220 | 914 948 8466 |

MAKETHEROADNY.ORG

transactions or events, and the cases involve many of the same parties,[1] a substantial saving of judicial resources is likely to result from assigning the new case to this Court. Accordingly, pursuant to Local Civil Rule 1.6 and Rule 3(b) of the Rules for the Division of Business for the Eastern District of New York,[2] we write to request a determination that *Benitez et al. v. U.S. Department of Homeland Security et al.*, 26-cv-02082 is related to the instant case.

## Legal Standard

Under Division of Business Rule 3(a), "[a] civil case is 'related' to another civil case . . . when, because of the similarity of facts and legal issues or because the cases arise from the same transactions or events, a substantial saving of judicial resources is likely to result from assigning both cases to the same District and/or Magistrate Judge." Further, "[p]resumptively, and subject to the power of a Judge to determine otherwise pursuant to paragraph (b), civil cases shall not be deemed to be 'related' unless each case is still pending before the Court."

## Argument

In the recently filed class action, Mr. Benitez seeks to serve as a class representative challenging an overarching policy and practice of encouraging warrantless arrests that are illegal under federal immigration law, while in the earlier-filed habeas proceeding, he narrowly challenges the legality of his own arrest and detention. Both cases remain pending before the Court. The Court granted provisional relief in Mr. Benitez's habeas case, but has not entered final judgement. Because evidentiary hearings on Mr. Benitez's detention and ICE's practices in connection with his warrantless arrest are relevant and even likely in both cases, a substantial saving of judicial resources is likely to result from designation of the two cases as related.

### *Benitez v. Genalo et al.*, 2:26-cv-01122-SJB

ICE agents stopped and arrested Mr. Benitez in Brentwood, New York, on February 26, 2026, while he was driving his daughter to school. That same day, Mr. Benitez filed a petition for a writ of habeas corpus alleging, *inter alia*, that the ICE agents had stopped him without reasonable suspicion of an immigration violation in violation of the Fourth Amendment and arrested him without a warrant and without probable cause in violation of 8 U.S.C. § 1357(a)(2).

---

[1] The Respondents in the habeas proceeding are the Director of ICE's New York City Field Office, Kenneth Genalo; former Secretary of Homeland Security Kristi Noem; and former U.S. Attorney General Pam Bondi. The class action complaint names Mr. Genalo, as well as the current Secretary of Homeland Security Markwayne Mullin, and Acting U.S. Attorney General Todd Blanche, as official capacity defendants. Undersigned counsel is also counsel for plaintiffs and the putative class.

[2] In compliance with Division of Business Rule 3(b), on April 14, 2026, at 1:00 pm, Plaintiffs' counsel met and conferred with counsel from the U.S. Attorney's Office for the Eastern District of New York in an effort to reach an agreement regarding relation. Counsel were unable to reach an agreement.

2

On February 27, 2026, the Court provisionally granted the writ of habeas corpus, directing the Respondents to effectuate Mr. Benitez's release by 8 pm that evening. DE 7, Order at 3 (Feb. 27, 2026), *Benitez v. Genalo*, 2:26-cv-01122-SJB. The Court also ordered an evidentiary hearing on March 4, 2026, because it had "serious concerns about the legal basis to detain [Mr. Benitez] in the first instance, including the use of pretextual and unconstitutional stops, ongoing abuse of the [notice to appear] and arrest warrants process, and the legality of the Government's announced use of administrative, non-judicial warrants in this context . . . ." *Id.* at 4. Further, the Court directed respondents and their counsel to submit a letter by March 3, 2026, explaining why the Court should not "begin contempt proceedings" against them given that the government continued to justify detention based on illegal, after-the-fact warrants and notices to appear.

After the Court's February 27, 2026, order, the Respondents sought and received several continuances, so the evidentiary hearing, initially scheduled for March 4, 2026, was rescheduled to April 15, 2026 and has not yet occurred, and the Court has not yet ruled on possible contempt sanctions.

As contemplated by the Court in its February 27 order, an evidentiary hearing in Mr. Benitez's case would consider the facts and circumstances of his vehicular stop and arrest, in particular any violations of the Fourth Amendment and the possible unlawful use of a post-arrest administrative warrant to justify or even mask what was as a legal matter—under this Court's precedent—a warrantless arrest. *Cf.* Resp. Ltr. (DE 6) at 4 (citing *Abel v. United States,* 362 U.S. 217 (1960)). The Court and petitioner will seek testimony from the two ICE officers identified in the Court's February 27, 2026, order: Geraldo Paolo and the Officer identified as "J 10425 Chacon."

### *Benitez et al. v. U.S. Department of Homeland Security et al.*, 26-cv-02082

Mr. Benitez has also now brought a separate lawsuit contending that the unlawful stop and arrest that led to his detention were made pursuant to Defendants' statewide policy and practice of making such stops without the requisite reasonable suspicion and making warrantless arrests without probable cause. Mr. Benitez and his co-plaintiffs have challenged those policies and practices on behalf of themselves and a putative class, arguing they violate the APA, the Fourth and Fifth Amendments, and the INA.

The evidentiary record that Mr. Benitez will develop in the habeas proceeding with respect to the illegality of his arrest is the same that he will develop as one of the named plaintiffs in the class action. The Court might even combine the evidentiary hearing in the habeas proceeding with the hearing on the plaintiffs' motion for a preliminary injunction in this action, should the Court decide to hold one. A joint hearing would avoid the parties having to present duplicative evidence and testimony in separate proceedings. Even if held separately, the proceedings would familiarize the Court with Mr. Benitez's factual allegations and the legal principles underlying the claims in the class action. Therefore, assigning both cases to the Court will result in a substantial saving of judicial resources.

\*\*\*

For the foregoing reasons, the Court should determine the cases are related.

3

Respectfully submitted,


/s/ Paige Austin
Paige Austin
Harold Solis
Make The Road New York
301 Grove St.
Brooklyn, New York 11237
paige.austin@maketheroadny.org
harold.solis@maketheroadny.org
Tel. (718) 565-8500
Fax: (866) 420-9169