# COVINGTON

BEIJING   BOSTON   BRUSSELS   DUBAI   FRANKFURT
JOHANNESBURG   LONDON   LOS ANGELES   NEW YORK
PALO ALTO   SAN FRANCISCO   SEOUL   SHANGHAI   WASHINGTON

Jeffrey Cao

Covington & Burling LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
T  +1 202 662 5803
jcao@cov.com

**Via ECF**                                                                                      May 11, 2026

Hon. James M. Wicks
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

> **Re:  *Benitez, et al. v. U.S. Department of Homeland Security, et al.*,**
> **2:26-cv-02082-SJB-JMW**

Dear Judge Wicks:

We are co-counsel to Plaintiffs in the above-captioned matter. We write to provide a status update on the parties' ongoing negotiations regarding Plaintiffs' motions to proceed under pseudonyms, *see* DE 7, 24, in advance of today's status conference before Your Honor. The parties have made substantial progress towards agreement on a Protective Order. Attached as Exhibit A is a proposed Protective Order that Plaintiffs shared with counsel for Defendants on May 7, 2026.

Plaintiffs' pseudonymity applications requested the entry of a protective order allowing pseudonymous Plaintiffs' identities to be provided on an "attorneys' eyes only" basis, *see* DE 7-1 at 7–9, and for pseudonymous Declarants to proceed under their initials without disclosure of their identities to Defendants, *see* DE 24-1. As explained in Plaintiffs' motions, pseudonymity with respect to both the general public and the government is appropriate given the well-documented risk of retaliation. *See* DE 7-1 at 3–6; DE 24-1 at 3–6.

Plaintiffs have met and conferred on multiple occasions with Defendants' counsel to attempt to resolve Plaintiffs' pseudonymity applications without the need for judicial intervention. On April 23, in response to Defendants' request for the true names of those plaintiffs seeking to proceed under pseudonym, Plaintiffs' counsel provided Defendants with a draft protective order addressing the narrow issue of protections for individuals' identifying information. The parties conferred on April 24 and again on April 30, during which Defendants indicated they would provide a counter-draft of the proposed protective order. Defendants provided the counterproposal on May 4, a broader proposed protective order designed to govern all discovery in the case that has formed the basis for the parties' subsequent negotiations. The parties conferred the next day, May 5, and Plaintiffs provided revisions to Defendants' proposed protective order that afternoon. On the afternoon of May 7, Defendants provided their responsive edits to Plaintiffs' draft. The

**COVINGTON**

Hon. James M. Wicks
May 11, 2026
Page 2

parties conferred again later that afternoon, Plaintiffs provided their proposed edits on the evening of May 7, and the parties conferred again on May 8.

The parties' potential disagreement focuses on Paragraph 19 of the proposed Protective Order. As drafted, Paragraph 19 allows "counsel for the United States to disclose to any agency of the United States any document or information regarding any potential violation of law or regulation or regarding any matter within that agency's jurisdiction." Ex. A, ¶ 19. Furthermore, though "subject to procedures that maintain the confidentiality of Protected Material," as proposed by Defendants, Paragraph 19 provides that the Protective Order does not "prevent or limit in any way the use of such documents and information by an agency in any proceeding regarding any potential violation of law or regulation or regarding any matter within that agency's jurisdiction." *Id.*

The first sentence of Paragraph 19 would permit broader disclosure of pseudonymous Plaintiffs' and Declarants' identifying information to facilitate immigration proceedings against these individuals or their immediate family members—even if that identifying information were designated Confidential–Attorneys' Eyes Only and provided to Defendants on that Basis.[1] Such immigration proceedings are the precise type of government retaliation that Plaintiffs seek to prevent through the Protective Order. Plaintiffs thus proposed adding the following language to Paragraph 19:

> Notwithstanding the foregoing, and for the avoidance of doubt, in no event may any individual's identifying information that is Disclosed or produced by Plaintiffs and designated Confidential–Attorneys' Eyes Only Information be used for purposes of immigration enforcement—i.e., arrest, detention, and/or deportation—or to effect ongoing removal proceedings, if such proceedings exist, as to any individual whose identity is designated by Plaintiffs as Confidential–Attorneys' Eyes Only Information or their immediate family members.

*Id.* This provision minimizes any potential impact on Defendants' agency operations while protecting pseudonymous Plaintiffs and Declarants and their immediate family members.

Plaintiffs respectfully request that the Court enter the proposed Protective Order attached as Exhibit A with Plaintiffs' proposed revisions, following which Plaintiffs would provide Defendants with pseudonymous Plaintiffs' and Declarants' names on a Confidential–Attorneys' Eyes Only basis without delay.

---

[1] This term is defined in the proposed Protective Order and would permit sharing of such designated material beyond just the counsel of record in this case. *See* Ex. A, ¶ 10.

**COVINGTON**

Hon. James M. Wicks
May 11, 2026
Page 3

Plaintiffs look forward to discussing these issues with the Court today.

Respectfully submitted,

*s/ Jeffrey Cao*

Jeffrey Cao

Attachment

cc:      Counsel of Record