UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

RENE ANTONIO BENITEZ, J.R.H.L., DARWIN GARCIA MEDRANO, H.L.A.O., A.M.C., HESLER ASAF GARCIA LANZA, R.C.R., and F.R.P., on behalf of themselves and others similarly situated, and WORKERS' CENTER OF CENTRAL NEW YORK,

Plaintiffs,

v.

U.S. DEPARTMENT OF HOMELAND SECURITY; MARKW A YNE MULLIN, in his official capacity as Secretary of the U.S. Department of Homeland Security; U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; TODD M. LYONS, in his official capacity as Senior Official Performing the Duties of Director of U.S. Immigration and Customs Enforcement; KENNETH GENALO, in his official capacity as Director of Enforcement and Removal Operations, U.S. Immigration and Customs Enforcement, New York City Field Office; TAMMY MARICH, in her official capacity as Acting Director of Enforcement and Removal Operations, U.S. Immigration and Customs Enforcement, Buffalo Field Office; U.S. CUSTOMS AND BORDER PROTECTION; RODNEY S. SCOTT, in his official capacity as Commissioner of U.S. Customs and Border Protection; U.S. BORDER PATROL; MICHAEL W. BANKS, in his official capacity as Chief of U.S. Border Patrol; U.S. DEPARTMENT OF JUSTICE; TODD BLANCHE, in his official capacity as the Acting Attorney General of the United States; FEDERAL BUREAU OF INVESTIGATION; KASH PATEL, in his official capacity as Director of the Federal Bureau of Investigation; U.S. MARSHALS SERVICE; and GADY ACES S. SERRAL TA, in his official capacity as Director of the United States Marshals Service,

Defendants.
----------------------------------------------------------------x

**<u>DECLARATION</u>**

Civil Action No.
26-cv-02082
(Bulsara, J.)
(Wicks, M.J.)

I, Marika Lyons hereby declare pursuant to 28 U.S.C. § 1746, under penalty of perjury, that the following is correct:

1. I am an Assistant United States Attorney, of counsel to JOSEPH NOCELLA, JR., United States Attorney, Eastern District of New York, attorney for the Defendants. I submit this declaration and the following exhibit, in support of Defendants' memorandum of law in opposition to Plaintiffs' motion for a preliminary injunction:

Exhibit A A true and accurate copy of the cited pages of the transcript of proceedings in *Yeleshev v. Larocco, et. al*., 26-cv-2294 (SJB)(JMW)

Dated: Central Islip, New York
May 28, 2026

JOSEPH NOCELLA, JR.
United States Attorney
Attorney for Defendants
610 Federal Plaza
Central Islip, New York 11722

By: *<u>/s/ Marika Lyons</u>*
Marika Lyons
Assistant U.S. Attorney
(631) 715-7822
marika.lyons@usdoj.gov

# Exhibit A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------X
YESSIMKHAN YELESHEV,
: 26-cv-2294 (SJB)

Petitioner,
: United States Courthouse
-against- Central Islip, New York

LAROCCO, et al.,
: May 11, 2026
Respondents. 11 a.m.
-------------------------------X

TRANSCRIPT OF MOTION HEARING
BEFORE THE HONORABLE SANKET J. BULSARA
UNITED STATES DISTRICT COURT JUDGE

APPEARANCES:

For the Petitioner: ROBERT BOND, ESQ
Robert Bond, ESQ. LLC
11880 Bustleton Ave.
Suite 206
Philadelphia, PA 19116

For the Respondents: MARIKA LYONS, AUSA
DOJ-USAO
610 Federal Plaza
Ste 528
Central Islip, NY 11722

Court Reporter: Paul J. Lombardi, RMR, FCRR
100 Federal Plaza, Suite 570
Central Islip, New York 11722
Telephone: (631) 712-6106
Email: Pauljlombardi@gmail.com

Proceedings recorded by mechanical stenography.
Transcript produced by CAT.

questions.

In this instance, do you know why the notice to appear was issued between about half an hour to an hour and a half after petitioner's arrest?

A. Yes, ma'am.

So there are things that go into an NTA that have to be done very efficiently and detailed. It came down to a time constraint where there are certain programs and computer systems that we use back in our intake facility that we don't have mobiley. So we were unable to do those things mobiley.

So the reason why it was issued at the time back at the Nassau County intake trailer was because of the resources that we did not have at the asylum office that we had back at the Nassau County intake.

Q. And at the time that petitioner -- well, prior to petitioner's arrest on May 4th, had ICE encountered petitioner before?

A. No, ma'am.

Q. And in order to fill out an NTA, is there information that is required that ICE would not have upon -- before an encounter with the petitioner?

A. Yes, ma'am.

Q. And --

THE COURT: Ms. Lyons, are you going to ask what

information that is?

Because I'd like to know.

MS. LYONS: Sure, yes.

BY MS. LYONS:

Q. What information would that be?

A. When we bring an individual that has never been encountered before, we need actual addresses. We need an actual address.

We need -- if they have any family and we need -- the application that we use on Eagle has 40 plus questions and different sworn statements that we need to process an individual's entire packet, and that's not something that is feasible with time doing at the asylum office.

So we need to be in front of our computer screen in the processing environment to actually process the individual.

THE COURT: Do you know when this individual was issued an A number?

THE WITNESS: I'm not sure, Your Honor.

THE COURT: Keep going.

BY MS. LYONS:

Q. You mentioned Eagle.

Can you explain what that is?

A. Yes, ma'am.