UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

RENE ANTONIO BENITEZ, *et al.*,

                      Plaintiffs,

       -against-

U.S. DEPARTMENT OF HOMELAND
SECURITY, *et al.*

                     Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

Civil Action No.
26-cv-2082

(Bulsara, J.)
(Wicks, M.J.)

## DEFENDANTS' MEMORANDUM OF LAW
## IN OPPOSITION TO THE INDIVIDUAL PLAINTIFFS' MOTION
## FOR PROVISIONAL CLASS CERTIFICATION

JOSEPH NOCELLA, JR.
UNITED STATES ATTORNEY
Eastern District of New York
271-A Cadman Plaza East, 7th Flr.
Brooklyn, New York 11201
(718) 254-6026/7000

Thomas R. Price
Marika Lyons
Robert W. Schumacher, II
Philip DePaul
Justin Kirschner
Kathleen A. Mahoney
Assistant U.S. Attorneys
    (Of Counsel)

June 5, 2026

<div align="center">**TABLE OF CONTENTS**</div>

TABLE OF AUTHORITIES ...................................................................................................... ii

PRELIMINARY STATEMENT ................................................................................................. 1

ARGUMENT ............................................................................................................................... 2

PLAINTIFFS' MOTION FOR PROVISIONAL  CLASS CERTIFICATION SHOULD BE DENIED ....................................................................................................................................... 2

    A.    Requirement for Class Certification ........................................................................ 2

    B.    Plaintiffs Do Not Have Standing ............................................................................ 4

    C.    Plaintiffs Do Not Satisfy the Rule 23(a) Prerequisites ........................................... 5

        1.    Numerosity Has Not Been Sufficiently Established .................................. 6

        2.    There is No Commonality (Common Question) ........................................ 6

        3.    Typicality is Lacking ................................................................................. 9

        4.    Plaintiffs Do Not Adequately Represent the Proposed Provisional Class .......................................................................................................... 9

        5.    The Class is Not Ascertainable ................................................................ 12

    D.    Plaintiffs Do Not Meet the Rule 23(b)(2) Criteria ............................................... 12

    E.    Class-Wide Relief is Precluded ............................................................................ 15

CONCLUSION ......................................................................................................................... 16

<div align="center">i</div>

# TABLE OF AUTHORITIES

## Federal Cases

*Brecher v. Republic of Argentina*,
806 F.3d 22 (2d Cir. 2015) ....................................................................................... 3, 4

*Brennan v. City of New York*,
No. 19-CV-02054, 2023 WL 5672590 (E.D.N.Y. Sept. 1, 2023) ............................... 13

*Brown v. Kelly*,
609 F.3d 467 (2d Cir. 2010) ...................................................................................... 3, 9

*Caridad v. Metro-North Commuter Railroad*,
191 F.3d 283 (2d Cir. 1999) .......................................................................................... 5

*Central States Southeast and Southwest Areas Health and Welfare Fund v. Merck-Medco Managed Care, LLC*,
504 F.3d 229 (2d Cir. 2007) ........................................................................................... 2

*Collins v. Northeast Grocery, Inc.*,
149 F.4th 163 (2d Cir. 2025) .......................................................................................... 2

*Comcast Corp. v. Behrend*,
569 U.S. 27 (2013) ....................................................................................................... 3, 4

*Consolidated Rail Corp. v. Town of Hyde Park*,
47 F.3d 473 (2d Cir. 1995) .............................................................................................. 6

*Cordes & Company Financial Services, Inc. v. A.G. Edwards & Sons, Inc.*,
502 F.3d 91 (2d Cir. 2007) ...................................................................................... 4, 9, 10

*Elisa W. v. City of New York*,
82 F.4th 115 (2d Cir. 2023) ........................................................................................... 4, 9

*Fort Worth Employees' Retirement Fund v. J.P. Morgan Chase & Co.*,
862 F. Supp. 2d 322 (S.D.N.Y. 2012) ............................................................................. 2

*Funes v. Francis*,
810 F. Supp. 3d 472 (S.D.N.Y. 2025) ............................................................................ 14

*Garland v. Gonzalez*,
596 U.S. 543 (2022) ....................................................................................................... 15

*Hyland v. Navient Corporation*,
48 F.4th 110 (2d Cir. 2022) ............................................................................................. 2

*In re U.S. Foodservice Inc. Pricing Litigation*,
  729 F.3d 108 (2d Cir. 2013) ........................................................................................ 3

*Marisol A. v. Giuliani*,
  126 F.3d 372 (2d Cir. 1997) ........................................................................................ 4

*Myers v. Hertz Corp.*,
  624 F.3d 537 (2d Cir. 2010) ........................................................................................ 3

*N.S. v. Dixon*,
  141 F.4th 279 (D.C. Cir. 2025) ................................................................................... 16

*Retirement Board of the Policemen's Annuity and Benefit Fund of the City of Chicago v. Bank of
  New York Mellon*,
  775 F.3d 154 (2d Cir. 2014) ........................................................................................ 2

*S.C. Johnson & Son, Inc. v. Clorox Co.*,
  241 F.3d 232 (2d Cir. 2001) ...................................................................................... 14

*Schlesinger v. Reservists Committee to Stop the War*,
  418 U.S. 208 (1974) .................................................................................................... 4

*TransUnion LLC v. Ramirez*,
  594 U.S. 413 (2021) .................................................................................................... 2

*Trump v. CASA*,
  606 U.S. 831, 848, 853 (2025) ................................................................................. 2, 3

*United States v. Texas*,
  599 U.S. 670 (2023) .................................................................................................. 14

*Wal-Mart Stores, Inc. v. Dukes*,
  564 U.S. 338 (2011) ........................................................................................ 5, 6, 8, 9

*Won v. Amazon.Com Services LLC*,
  807 F. Supp. 3d 178 (E.D.N.Y. 2025) ......................................................................... 2

**Federal Statutes**

8 U.S.C. § 1226 ............................................................................................................. 15

8 U.S.C. § 1229a ........................................................................................................... 15

8 U.S.C. § 1231 ............................................................................................................. 15

8 U.S.C. § 1231(a)(6) .................................................................................................... 15

8 U.S.C. § 1252(f)(1) ............................................................................................... 15, 16

8 U.S.C. § 1357(a) ................................................................................... 16

8 U.S.C. § 1357(a)(2) .............................................................................. 13

8 U.S.C. §§ 1221 – 1231 ..................................................................... 15, 16

8 U.S.C. § 1225 ....................................................................................... 15

8 U.S.C. § 1357(a)(2) .............................................................................. 15

## **Federal Rules**

Fed. R. Civ. P. 23(a) ................................................................................. 3

Fed. R. Civ. P. 23(b)(2) ..................................................................... 4, 9, 13

Fed. R. Civ. P. 65(d) ............................................................................... 14

## PRELIMINARY STATEMENT

The Defendants respectfully submit this memorandum of law in opposition to the Individual Plaintiffs' motion for provisional class certification pursuant to Rules 23(a) and 23(b)(2) of the Federal Rules of Civil Procedure.[1] The Plaintiffs, none of whom is currently in immigration detention, seek statewide declaratory and injunctive relief on behalf of themselves and the following putative class, which is not identified in the Complaint:[2]

> All persons who, since January 20, 2025, have been or will be arrested in New York for alleged immigration violations without a warrant and without a prearrest, individualized assessment of probable cause that the person is likely to escape.

Memorandum of Law in Support of Individual Plaintiffs' Motion for Provisional Class Certification ("Pls. Mem.") at 1; *see also* ECF Doc. 21-2 (Proposed Order). The Plaintiffs do not seek certification of any of the classes or subclasses identified in the Complaint.[3]

The Court should deny the Plaintiffs' motion. To begin with, Plaintiffs lack standing for a host of reasons. Even if this Court were to find that the Plaintiffs have standing, the Plaintiffs have failed to establish the other prerequisites for class certification. The non-specific class, of unsaid number, comprises persons whose actual, much less hypothetical, arrest experiences, are necessarily distinct in material ways. Thus, the supposed class lacks both commonality and typicality. It is also necessarily the case that Plaintiffs do not represent the interests of the class

---

[1] The Individual Plaintiffs are Rene Antonio Benitez ("Benitez"), J.R.H.L., Darwin Garcia Medrano ("Medrano"), H.L.A.O., A.M.C., Hesler Asaf Garcia Lanza ("Garcia Lanza") , R.C.R., and F.R.P. *See* Complaint at ¶¶ 11-18. This memorandum shall refer to the Individual Plaintiffs as "Plaintiffs".

[2] The Complaint does not plead this proposed provisional class. *See* Complaint at ¶¶ 481-85. Of the five putative classes and subclasses identified in the Complaint, this new putative class is most similar to the "Escape Risk Subclass". *See* Complaint at ¶ 485. Notably, both the Escape Risk Subclass and Plaintiffs' new putative provisional class implicitly acknowledge that, at the time of arrest, there was probable cause that putative class members were in the United States unlawfully. *Compare* Warrantless Arrest Class, Complaint at ¶ 483, *with* Escape Risk Subclass, Complaint at ¶ 485.

[3] Defendants reserve all arguments regarding any other proposed classes or subclasses.

they have created for purposes of their motion. What is more, they seek prohibited class-wide relief in the form of an impermissible "obey the law" injunction.

## ARGUMENT

## PLAINTIFFS' MOTION FOR PROVISIONAL
## CLASS CERTIFICATION SHOULD BE DENIED

### A.  Requirement for Class Certification

The first prerequisite to class certification is standing. *See Hyland v. Navient Corporation*, 48 F.4th 110, 117 (2d Cir. 2022). "To establish Article III standing in a class action . . . for every named defendant there must be at least one named plaintiff who can assert a claim directly against that defendant, and at that point standing is satisfied and only then will the inquiry shift to a class action analysis." *Central States Southeast and Southwest Areas Health and Welfare Fund v. Merck-Medco Managed Care, LLC*, 504 F.3d 229, 241 (2d Cir. 2007); *see TransUnion LLC v. Ramirez*, 594 U.S. 413, 431 (2021) ("[S]tanding is not dispensed in gross"); *Collins v. Northeast Grocery, Inc*., 149 F.4th 163, 174 (2d Cir. 2025) ("To withstand a motion to dismiss for lack of standing, Plaintiffs must demonstrate that one or more of the individual plaintiffs can press each of their claims for each form of relief sought."). "Put otherwise, 'the Article III standing determination should precede that of class certification.'" *Won v. Amazon.Com Services LLC*, 807 F. Supp. 3d 178, 184 (E.D.N.Y. 2025) (Garaufis, J.) (quoting *Fort Worth Employees' Retirement Fund v. J.P. Morgan Chase & Co*., 862 F. Supp. 2d 322, 333 (S.D.N.Y. 2012)). As the Supreme Court's recent decision in *Trump v. CASA* confirms, courts may not use Rule 23 to obtain universal relief untethered to parties with proven or actually impending injury. 606 U.S. 831, 848, 853 (2025). If the court determines that a named plaintiff lacks standing to represent a putative class, dismissal of the claims is appropriate. *Won*, 807 F. Supp. 3d at 184-85 (citing *Retirement Board*

2

*of the Policemen's Annuity and Benefit Fund of the City of Chicago v. Bank of New York Mellon*, 775 F.3d 154, 163 (2d Cir. 2014)).

If a court determines that a proposed class representative plaintiff has standing, the court must then determine whether the requirements of Rule 23 are satisfied. The party seeking to maintain a class action must affirmatively demonstrate compliance with Rule 23 of the Federal Rules of Civil Procedure. *See Comcast Corp. v. Behrend,* 569 U.S. 27, 33 (2013). To certify a class, the court "must 'make a definitive assessment of Rule 23 requirements,'" and "must find that each requirement is 'established by at least a preponderance of the evidence.'" *In re U.S. Foodservice Inc. Pricing Litigation*, 729 F.3d 108, 117 (2d Cir. 2013) (quoting *Brown v. Kelly*, 609 F.3d 467, 476 (2d Cir. 2010)); *see also Myers v. Hertz Corp.*, 624 F.3d 537, 547 (2d Cir. 2010) ("The party seeking class certification bears the burden of establishing by a preponderance of the evidence that each of Rule 23's requirements has been met.").

Pursuant to Rule 23(a), four prerequisites must be met by one or more members of a putative class for suit to be brought on behalf of all class members:

> (1) the class is so numerous that joinder of all members is impracticable;
> (2) there are questions of law or fact common to the class;
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
> (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). A class may be certified "only if the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied." *Comcast Corp.,* 569 U.S. at 33 (citation and internal quotations marks omitted)*; see also CASA*, 606 U.S. at 868 (class certification requires "scrupulous adherence to the rigors of Rule 23") (Alito, J., concurring). The Second Circuit also has recognized an "implied requirement of ascertainability" in Rule 23. *See Brecher v. Republic of Argentina*, 806 F.3d 22, 24 (2d Cir. 2015). "[T]he touchstone of ascertainability is

whether the class is sufficiently definite so that it is administratively feasible for the court to determine whether a particular individual is a member." *Id.* (internal quotation marks and citation omitted).

In addition to satisfying the Rule 23(a) prerequisites, a putative class "must also satisfy through evidentiary proof at least one of the provisions of Rule 23(b)." *Comcast Corp.*, 569 U.S. at 33; *see also Marisol A. v. Giuliani*, 126 F.3d 372, 376 (2d Cir. 1997) (citations omitted). Rule 23(b)(2), the provision relevant here, requires the Court to find that Defendants have "acted or refused to act on the grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2). *See also Elisa W. v. City of New York*, 82 F.4th 115, 122 (2d Cir. 2023).

## B.      **Plaintiffs Do Not Have Standing**

To justify a departure from the usual rule that litigation is conducted by and on behalf of only the individual parties, Plaintiffs, as the proposed representatives of the provisional class, must have standing. "To have standing to sue as a class representative it is essential that a plaintiff must be a part of that class, that is he must possess the same interest and suffer the same injury shared by all members of the class he represents." *Schlesinger v. Reservists Committee to Stop the War*, 418 U.S. 208, 216 (1974); *see Cordes & Company Financial Services, Inc. v. A.G. Edwards & Sons, Inc.,* 502 F.3d 91, 101 (2d Cir. 2007).

As elaborated in Defendants' Memorandum of Law in Opposition to Plaintiff's Motion for Preliminary Injunction and in Support of Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction ("Defs. PI Opp."), the Plaintiffs lack standing for multiple reasons.  Their *past must be prologue* theory of standing for an injunction against future alleged misconduct has been rejected by courts.  Defs. PI Opp at 8-12.  Even assuming that Plaintiffs' arrests were warrantless,

4

past conduct does not show a sufficient likelihood of future conduct.[4] *See id*. at 12-13. Although Plaintiffs state that they fear re-arrest, subjective apprehensions of future harm are insufficient bases for standing. *Id.* at 13-14. Indeed, even if Plaintiffs could show that the Defendants have instituted a "dragnet" pursuant to a supposedly unlawful policy, the notion that they would be re-arrested accordingly is conjectural and, thus, no basis for standing. *Id.* at 14-15. Critically, none of the Plaintiffs assert that they have been re-arrested. And, as to many, injunctions against re-arrest are already in place. *Id.* at 16-17. Similarly, many of the non-plaintiff declarants, as putative class members, also have individualized injunctions in place that prohibit re-arrest.[5] With no Plaintiff having been re-arrested, and their speculation and fear it will happen again belied by changed circumstances, some Plaintiffs concede that they brought this suit to ensure that others are not arrested. Yet, as a matter of law, individuals do not have standing to challenge immigration stop or arrest practices as they relate to nonparties. *Id.* at 15-16.

**C.** **Plaintiffs Do Not Satisfy the Rule 23(a) Prerequisites**

In addition to lacking standing, Plaintiffs do not satisfy the requirements of Rule 23(a). In order to justify departure from the usual rule that litigation is conducted by and on behalf of only the individual parties, Plaintiffs, as proposed representatives of the provisional class, must show that they satisfy all of the prerequisites in Rule 23(a). *See Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 348-49 (2011); *see also Caridad v. Metro-North Commuter Railroad*, 191 F.3d 283, 291 (2d Cir. 1999). Plaintiffs have not made this showing.

---

[4] Plaintiffs' wholesale characterization of their arrests as "warrantless" and unlawful defies the actual facts. *See* Defs. PI Opp. at 30.

[5] For example, injunctions prohibiting, or limiting the circumstances under which, redetention may occur were issued in habeas cases involving several non-plaintiff declarants: *Enamorado* v. *Genalo et al.*, 26-cv-817-NJC, *L.R.C.* (citation withheld for anonymity), *Garcia-Cortez v. Francis et al*, 26-cv-570-SJB, *O.T.M.M.* (citation withheld for anonymity), *Gonzales Argueta v. Francis et al.*, 26-cv-408-SJB, and *Zapata v. Genalo et al.*, 26-cv-1365-NJC.

### 1. Numerosity Has Not Been Sufficiently Established

The Second Circuit has held that numerosity is presumed at 40 members. *See Consolidated Rail Corp. v. Town of Hyde Park*, 47 F.3d 473, 483 (2d Cir. 1995). Plaintiffs allege that the numerosity requirement is met for the proposed provisional class even though the numbers are not known with precision, because Immigration and Customs Enforcement ("ICE") has arrested over 15,000 people in New York State since January 1, 2025. Compl. ¶ 487; *see* Pls. Mem. at 8-9. This is not a reasonable basis for an estimate. Not everyone who has been arrested by ICE or who may be arrested by ICE in the future fits or will fit within the proposed provisional class, which would include only individuals who were or will be arrested without a warrant and without reason to believe they are likely to escape. Plaintiffs offer only an overly broad estimate based on purported past conduct affecting more individuals than would fall within the proposed provisional class.

### 2. There is No Commonality (Common Question)

"Commonality requires the plaintiff to demonstrate that the class members have suffered the same injury" and "not merely that they have suffered a violation of the same provision of law." *Wal-Mart Stores, Inc.*, 564 U.S. at 349-50 (internal quotation marks and citation omitted). "Their claims must depend upon a common contention [. . . that] must be of such a nature that it is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Id.* at 350.

Plaintiffs maintain that commonality is "readily satisfied because this lawsuit challenges a 'unitary' policy of warrantless arrests, and determination of this policy's unlawfulness 'is central to the validity of all class members' claims.'" Pls. Mem. at 10. But there is no such policy. *See* Defs' PI Opp. at 23-25.[6]

---

[6] Plaintiffs' "other" common questions of law and fact are simply restatements or amplifications of Plaintiffs' inaccurate allegations about the warrantless arrest policy. *See* Pls. Mem. at 11.

In any event, the facts do not support Plaintiffs' commonality claim. Because their arrests were not warrantless or unlawful as they allege, Plaintiffs have not suffered the "same injury" as they contend will be experienced by the members of the putative prospective class. *See* Defs. PI Opp. at 30.

Plaintiffs unconvincingly assert that "[a]ny minor factual variations in class members' experience pose no barrier to commonality." Pls. Mem. at 12. Probable cause and reasonable suspicion are intrinsically fact-specific, totality-of-the-circumstances inquiries. The circumstances of the encounters and the facts that immigration officers consider in making those determinations will not be the same for any two different encounters let alone for every putative class member. Any arrests of putative class members will have widely varying fact patterns that affect the likelihood of escape assessment, including but not limited to, time, location and circumstances of the encounter, the alien's actions and statements made during the encounter, manner of entry into the United States, familial ties, employment status, and other community connections, as well as criminal histories. This is confirmed by Plaintiffs' own submissions. For example, among Plaintiffs and non-plaintiff declarants here, six were arrested subsequent to vehicle stops (*see e.g.* ECF Nos. 21-3 ¶ 6, 21-16 ¶ 7, 21-20 ¶ 5, 21-22 ¶ 5, 21-26 ¶ 6, 21-30 ¶ 5), another eight were arrested in or near their parked vehicles (*see e.g.* ECF Nos. 21-4 ¶¶ 4-5, 21-7 ¶ 7, 21-10 ¶ 7, 21-13 ¶ 6, 21-23 ¶ 5, 21-27 ¶ 4, 21-28 ¶ 5, 21-31 ¶ 5), seven were encountered as pedestrians (*see e.g.* ECF Nos. 21-5 ¶ 2, 21-6 ¶ 7, 21-18 ¶ 6, 21-19 ¶ 7, 21-24 ¶ 4, 21-25 ¶ 5, 21-29 ¶ 9), three were encountered congregating in public areas (*see e.g.* ECF Nos. 21-9 ¶ 7, 21-12 ¶ 6, 21-15 ¶ 7), one was riding a bicycle (*see* ECF No. 21-17 ¶ 6), and one was outside of a residence (*see* ECF No. 21-8). Of these, at least seven individuals were determined to be in the United States in violation of immigration laws after being stopped by agents who were searching for a specific, but different,

individual (*see e.g.* ECF Nos. 21-6 ¶ 10, 21-8 ¶ 8, 21-12 ¶11, 21-15 ¶ 9, 21-16 ¶ 8, 21-18 ¶7, 21-24 ¶ 4), while at least one was arrested as the subject of a targeted stop (*see* ECF No. 21-26 ¶ 7).

Putative class members' immigration "status" will also vary, as will applicable detention authorities. Here, for example, while a majority of the Plaintiffs and non-plaintiff declarants appear to have had no legal status in the United States at the time of their arrest, or at least do not assert any legal status in their declarations, some claim to have previously filed for asylum and received work authorization based upon that application (*see e.g.* ECF Nos. 21-9 ¶¶ 4, 11, 21-10 ¶¶ 4, 12; 21-23 ¶ 2, 21-15 ¶¶ 3, 4), one asserts Temporary Protected Status (*see* ECF No. 21-22), two claim to have Special Immigrant Juvenile classification with deferred action and work authorization (*see* ECF Nos. 21-4 ¶ 1, 21-5 ¶ 1), two were already in removal proceedings at the time of their arrests (*see* ECF Nos. 21-15 ¶ 2, 21-24 ¶ 9), and one had previously been ordered removed following a criminal conviction but granted a withholding of removal and released on a order of supervision in 2020 (ECF No. 21-28 ¶ 3). Protections, or lack thereof, provided by a putative class member's status will differ based upon that status, thus Plaintiffs, whose statuses differ among themselves, as well as from the non-plaintiff declarants, cannot establish commonality with the proposed class.

As the Supreme Court has recognized, the law can be violated in many ways, and dissimilarities within the proposed class can impede the generation of common answers. *Wal-Mart*, 564 U.S. at 350. "What matters to class certification . . . is not the raising of common 'questions'—even in droves—but, rather, the capacity of a class-wide proceeding to generate common *answers* apt to drive the resolution of the litigation. Dissimilarities within the proposed class are what have the potential to impede the generation of commons answers." *Id.* (emphasis in original and citation omitted).

Plaintiffs' failure to demonstrate commonality with the proposed provisional class, as well as the likelihood of wide variations in the members of the proposed class defeat commonality.

### 3. Typicality is Lacking

Typicality requires Plaintiffs to establish that their "claims or defenses are typical of the claims or defenses of the class members," and "is satisfied when each class member's claim arises from the same course of events, and each class member makes similar arguments to prove the defendant's liability." *Brown*, 609 F.3d at 475; *see Elisa W.,* 82 F.4th at 128. The typicality and commonality requirements tend to merge into one another. *Brown,* 609 F.3d at 475; *see Wal-Mar*t, 564 U.S. at 349 n.5.

Plaintiffs maintain that their claims are typical of those in the proposed class because they each were subjected to a warrantless arrest without the required individualized probable cause determination and their claims arise from the same policy and practice. Pls. Mem. at 13. As stated in Points B and C.2, Plaintiffs did not experience the injury that they ascribe to the proposed provisional class, nor were the facts of their encounters with immigration officers or their immigration statuses the same as those of putative class members. They therefore lack typicality for the same reasons they lack commonality.

Although Plaintiffs' claims need not be factually identical to those that would be asserted by all other putative class members, their claims are not sufficiently similar to establish typicality.

### 4. Plaintiffs Do Not Adequately Represent the Proposed Provisional Class

Rule 23(a)(4) requires that class representatives "fairly and adequately protect the interests of the class." *Cordes*, 502 F.3d at 99. Adequacy is important because members of a Rule 23(b)(2) have no opportunity to opt out or entitlement to notice of the action. *See Wal-Mart*, 564 U.S. at 362. The rule that "a class representative must be part of the class," is one of prudential standing,

related to the broader principle that the plaintiff generally must assert his own legal rights and interests. *Id*. at 100-01 (citations omitted).

Plaintiffs assert in broad terms that they will fairly and adequately represent "the class" because they share with putative class members the overriding common interest in ending Defendants' warrantless arrest policy and practice. Pls. Mem. at 14. However, as shown above in Point B, Plaintiffs lack standing. Therefore, they cannot serve as class representatives, let alone fairly and adequately protect the interests of the putative prospective class of persons arrested in different circumstances from their own. Relatedly, the circumstances of their arrests do not square with the characteristics of the class that Plaintiffs have created for purposes of their certification motion, which presupposes warrantless arrests "without a prearrest, individualized assessment of probable cause that a person is likely to escape".

Four, and arguably five, of the Plaintiffs were not the subjects of warrantless arrests, let alone warrantless arrests of the type that they seek to enjoin. *See* Defs. PI Opp. at 12; ICE Decl. ¶ 12. Plaintiffs Medrano, H.L.A.O, A.M.C., and Garcia Lanza were each encountered by immigration officers during different targeted enforcement operations. *See* ICE Decl. ¶ 12. Once the officers determined that Plaintiffs were not lawfully present in the United States, the officers contacted their supervisory immigration officers who then issued the I-200 arrest warrants, except that the Supervisory Detention and Deportation Officer ("SDDO") was present at the scene and issued the arrest warrant for Garcia Lanza. *See id.* As to Plaintiff Benitez, as noted in Defendants' PI Opposition at 30, two warrants were issued for Plaintiff Benitez prior to his arrest, but the warrants listed an inaccurate name and a third warrant was issued after his arrest during processing. At no time were these five individuals considered to be subject to warrantless arrest procedures. Thus, these five Plaintiffs are not representative of the proposed provisional class.

J.R.H.L. also is not representative of the proposed provisional class. He was arrested on June 7, 2025 (*see* ECF Doc. 21-6 ¶¶ 6, 13) over half a year before the issuance of the "Lyons Memorandum" on January 28, 2026.[7] At most, J.R.H.L. may have been subjected to a warrantless arrest, nearly a year ago, that would not comply with Defendants' policy. By contrast, the remaining named Plaintiffs were arrested relatively recently. This further demonstrates that J.R.H.L.'s claim lacks typicality and is not representative of the proposed class. As explained in Defendants' PI Opposition at 2-6, 10-12, 24-25 and 29, it is the policy of ICE and USBP to arrest a person prior to obtaining an administrative warrant only when there is probable cause to believe the alien is in the United States unlawfully or otherwise removable and is likely to escape before an arrest warrant can be obtained. *See also* ICE Decl. ¶¶ 3-5; Declaration of Kyle Brandle (ECF Doc. 52) ("CBP Decl.") ¶¶ 4, 7.[8]

Plaintiffs R.C.R. and F.R.P. were arrested by USBP agents who had probable cause to arrest them. CBP Decl. ¶¶ 8-11. USBP agents observed a vehicle with Florida license plates in the parking lot of a business known to be frequented by illegal aliens who are not familiar with the Buffalo area. *Id*. ¶ 9. A check of the registration showed the owner of the vehicle was a citizen of Nicaragua who was a visa overstay. *Id*. ¶ 9. The agents observed R.C.R. and F.R.P. approach the vehicle. *Id*. ¶ 10. After the USBP agents identified themselves, R.C.R. and F.R.P. admitted that they did not have valid immigration documents. *Id*. ¶ 10. The agents contacted Buffalo Sector Law Enforcement Information Systems, which confirmed that both R.C.R. and F.R.P. lacked immigration status in the United States. *Id*. ¶ 10. The USBP agents concluded that R.C.R. and

---

[7] Memorandum from Todd M. Lyons to All ICE Personnel regarding Civil Immigration Arrest Authority: Administrative Arrest Warrants and Warrantless Arrests. *See* Defs. PI Opp. at 10.

[8] Plaintiffs have not plausibly alleged any injury or future injury relating to a warrantless arrest by the Department of Justice Defendants Federal Bureau of Investigation ("FBI") and United States Marshals Service ("USMS"). *See* Defs. PI Opp. at 18, 31-32.

F.R.P, who had ready access to a vehicle and a Florida address and had already lied to immigration officials in order to enter the United States, were unlikely to provide an accurate address and would flee before an arrest warrant could be obtained. *Id*. ¶ 10. Upon processing, it was ascertained that R.C.R. had remained in the United States longer than permitted by her B2 visa (temporary tourist visa), and that F.R.P. was also a B2 visa overstay who had been ordered removed by an immigration judge. *Id*. ¶ 11.

The circumstances of Plaintiffs' arrests refute the entire theory of their case. At a minimum, however, their own narratives make clear that they are not adequate representatives for the class they have constructed.

5.      **The Class is Not Ascertainable**

Plaintiffs assert that the proposed provisional class meets the implied ascertainability requirement in Rule 23(a). Pls. Mem. at 15. Plaintiffs are wrong in claiming that membership in the class is based on criteria that are "clearly objective." *See id*. Whether an alien is a member of the proposed provisional class would be ascertainable only after a detailed individual analysis of the arrest, including whether there was a warrant and, if not, why not. Such analysis would not be based on what the alien perceives; as demonstrated by Plaintiffs' allegations that they were subjected to warrantless arrests that were not borne out by what actually occurred. In other words, merely being arrested would not bring anyone within the proposed class. However, as defined by Plaintiffs, that is what could happen.

D.      **Plaintiffs Do Not Meet the Rule 23(b)(2) Criteria**

In addition to failing to satisfy the Rule 23(a) criteria for class certification, Plaintiffs have not met the requirements of Rule 23(b)(2). Plaintiffs erroneously maintain that this case "fits squarely within Rule 23(b)(2)" and that each class member will benefit from the injunction. Pls. Mem. at 16.

Rule 23(b)(2) requires Plaintiffs to show that Defendants "acted or refused to act on the grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2). For injunctive relief to be appropriate under Rule 23(b)(2), Plaintiffs "must show that an injunction would be an indivisible remedy and that at least one Named Plaintiff has standing to seek the relief requested." *Brennan v. City of New York,* No. 19-CV-02054, 2023 WL 5672590, at *9 (E.D.N.Y. Sept. 1, 2023)(denying the motions for class certification because the plaintiffs did not satisfy Rule 23(b)(2) by demonstrating that the injunctive relief sought would apply generally to the proposed class of former detainees such that each member would benefit from improved conditions of incarceration where proposed class included individuals who faced little to no risk of future detention).

First, as set forth above in Point B and Point C.4., none of the Plaintiffs has standing to maintain this action.

Second, Warrantless arrests are not inherently unlawful, as Plaintiffs appear to suggest. Rather, immigration officers are authorized, *inter alia*, to arrest "any alien who in his presence or view is entering or attempting to enter the United States in violation of any law or regulation made in pursuance of law regulating the admission, exclusion, expulsion, or removal of aliens," or to arrest any alien in the United States, if he has reason to believe that the alien is likely to escape before a warrant can be obtained for his arrest. 8 U.S.C. § 1357(a)(2). *See also* Declaration of Deputy Field Director Judith Almodovar (ECF Doc. 56-1) ("ICE Decl.") ¶¶ 3, 5. Thus, the statute and implementing regulations expressly authorize the use of warrantless arrests, under certain circumstances. Moreover, future decisions to arrest and detain Plaintiffs are committed to the Executive Branch, which has considerable latitude in the execution of immigration enforcement

decisions. *Funes v. Francis*, 810 F. Supp. 3d 472, 503 (S.D.N.Y. 2025) (Engelmayer, J.) (citing *United States v. Texas*, 599 U.S. 670, 679 (2023)). Thus, whether a warrantless arrest would fall within the injunction requested by Plaintiffs would depend on the particular facts and circumstances.

Determinations of probable cause and reasonable suspicion are fact-specific, totality-of-the-circumstances inquiries. *See supra* 10-11. Immigration officers receive specific immigration enforcement training, including instruction on the limits imposed by the Fourth Amendment. *See* ICE Decl. ¶ 6; CBP Decl. ¶¶ 5, 6. They also receive training on the INA provisions and immigration regulations. See ICE Decl. ¶ 6; CBP ¶ 7. Officers are instructed to follow procedures emphasizing targeted investigations and arrests of aliens with final orders and/or serious criminal histories. ICE Decl. ¶ 7. Nevertheless, ERO officers have the statutory authority to arrest any alien based on probable cause to believe he or she is unlawfully present in, or is otherwise removable from, the United States, regardless of any criminal history. *Id.* This often happens when a target is encountered with other aliens illegally present. *Id.*

Defendants should not be limited in exercising their lawful arrest authority on a case-by-case basis consistent with fact-specific probable cause determinations. Moreover, Defendants' sought after relief is effectively an "obey the law" injunction this is impermissible under Fed. R. Civ. P. 65(d). *S.C. Johnson & Son, Inc. v. Clorox Co.*, 241 F.3d 232, 240 (2d Cir. 2001) ("[A]n injunction must be more specific than a simple command that the defendant obey the law"). Here, Plaintiffs expressly ask for an injunction against Defendants' making warrantless arrests without agents first finding "probable cause to believe that the person being arrested is likely to escape before a warrant can be obtained, as required by 8 U.S.C. § 1357(a)(2)". DE 21-2 (proposed

injunction) ¶ 1. In other words, they are asking for an injunction requiring Defendants to follow the law set forth in § 1357(a)(2)..

**E.      <u>Class-Wide Relief is Precluded</u>**

Even if this Court were to certify a provisional class, class-wide relief would not be available. The INA provides

> Regardless of the nature of the action or claim or of the identity of the party or parties bringing the action, no court (other than the Supreme Court) shall have jurisdiction or authority to enjoin or restrain the operation of [8 U.S.C. §§ 1221 – 1231], other than with respect to the application of such provisions to an individual alien against whom proceedings under such part have been initiated.

8 U.S.C. § 1252(f)(1) ("Section 1252(f)(1)").

Congress's prohibition in Section 1252(f)(1) on class-wide orders that enjoin or restrain "the operation of the relevant statutes is best understood to refer to the Government's efforts to enforce or implement them." *Garland v. Gonzalez*, 596 U.S. 543, 550 (2022) (reversing grants of class relief to aliens with final orders of removal who had been detained more than six months pending removal because Section 1252(f)(1) stripped the lower courts of jurisdiction or authority to enjoin or restrain the operation of 8 U.S.C. § 1231(a)(6) except with respect to the individual plaintiff).

Section 1252(f)(1)'s prohibition applies to several different statutes that provide for inspection, apprehension and detention of aliens who are unlawfully in the United States.[9] These statutes include U.S.C. § 1225 (requiring the inspection of applicants for admission and mandating detention of certain aliens during immigration proceedings), 1226(a) (arrest and detention upon

---

[9] Although § 1357 does not lie within 8 U.S.C. §§ 1221-1232, a warrantless arrest under § 1357 is the operational predicate for detention (8 U.S.C. § 1226), removal proceedings (8 U.S.C. § 1229a) and removal (8 U.S.C. § 1231), therefore enjoining the arrest practice as Plaintiffs seek to do would necessarily restrain the operation of those provisions.

administrative warrant pending a decision on removal), 1226(c) (providing that detention is mandatory for aliens who have committed certain crimes), 1229 (initiation of removal proceedings), and 1231 (detention of aliens with final orders of removal). Immigration officers are authorized to effectuate arrests without a warrant by 8 U.S.C. § 1357(a).

Enjoining or restraining Defendants' warrantless arrest authority through a class-wide injunctive relief would interfere with the Government's ability to enforce, implement or otherwise carry out actions implementing 8 U.S.C. §§ 1221 to 1231. Therefore, such an injunction would be barred by 8 U.S.C. § 1252(f)(1). *See N.S. v. Dixon*, 141 F.4th 279, 287-90 (D.C. Cir. 2025) (vacating injunction against USMS making immigration arrests of criminal defendants as barred by Section 1252(f)(1)).

### CONCLUSION

For the foregoing reasons, the Individual Plaintiffs' motion for provisional class certification should be denied.

Dated: Central Islip, New York
June 5, 2026

<div style="margin-left: 50%;">

JOSEPH NOCELLA, JR.
UNITED STATES ATTORNEY
Eastern District of New York
*Attorney for Defendants*
271-A Cadman Plaza East
Brooklyn, New York 11201

By:    */s/ Thomas R. Price*
      Thomas R. Price
      Marika Lyons
      Robert W. Schumacher, II
      Philip DePaul
      Justin Kirschner
      Kathleen A. Mahoney
      Assistant United States Attorneys
      (631) 715-7893
      thomas.price@usdoj.gov

</div>

**CERTIFICATE OF COMPLIANCE**

The foregoing Defendants' Memorandum of Law in Opposition to Individual Plaintiffs' Motion for Provisional Class Certification contains 5,188 words, including footnotes but excluding the cover, tables and signature block.

Dated: Central Islip, New York
      June 5, 2026
                              JOSEPH NOCELLA, JR.
                              UNITED STATES ATTORNEY
                              Eastern District of New York
                              *Attorney for Defendants*

                By:   /s/ *Thomas R. Price*
                      THOMAS R. PRICE
                      Assistant U.S. Attorney
                      (631) 715-7893
                      thomas.price@usdoj.gov