**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

RENE ANTONIO BENITEZ, *et al.*,

Plaintiffs,

v.

DEPARTMENT OF HOMELAND
SECURITY, *et al.*,

Defendants.

No. 26-cv-2082
(Bulsara, J.)
(Wicks, M.J.)

Declaration

I, Katherine Rey, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1. I am employed as a Deportation Officer, currently assigned to a Fugitive Operations unit, for U.S. Immigration and Customs Enforcement ("ICE"), Enforcement and Removal Operations ("ERO") within the U.S. Department of Homeland Security ("DHS"). I began my employment at ICE in 2007.

2. The statements contained in this declaration are based upon my personal knowledge and information made available to me in the course of my official duties.

3. ERO manages all logistical aspects of the removal process by identifying, apprehending, and, when appropriate, detaining removable aliens during the course of immigration proceedings and pending physical removal from the United States. This includes locating and taking into custody fugitive aliens and at-large criminal aliens, as well as others unlawfully present.

4. On January 17, 2026, I and other officers with Fugitive Operations participated in daily immigration law enforcement operation to locate and arrest individuals illegally present in the United States and who may pose a significant threat to public safety.

5. At approximately 7:30 a.m., I and other officers observed an individual in a car near 5th Avenue and Suffolk Avenue, Brentwood, New York, who matched the description of a primary target. The target was known to frequent the area. Two other males were in the car.

6. When other officers and I encountered the individual, he was sitting in a stationary car at the pump at a gas station. We did not stop the vehicle.

7. I and another officer approached the individual, who was sitting in the driver's side of the car; wearing high-visibility markings that said "POLICE," "ICE," "ERO"; identified ourselves as ICE officers; and asked if he was willing to talk to us. He agreed. We asked for identification, and the individual provided an Employment Authorization Document (EAD) issued by U.S. Citizenship and Immigration Servies and bearing the name Darwin Garcia Medrano. Based on my 19 years of experience, I am aware that an EAD does not confer immigration status.

8. Record checks confirmed that Garcia Medrano is a citizen and national of El Salvador who, at the time of encounter, did not possess lawful immigration status in the United States. The records further reflected that Garcia Medrano previously entered the United States at a location other than a designated port of entry and was not admitted, inspected, or paroled by a United States immigration officer.

9. I thereafter contacted a supervisory officer regarding the encounter and to obtain a Form I-200, Warrant for Arrest of Alien. While on the phone, the supervisor confirmed that the I-

200 had been issued. Subsequently, officers placed Garcia Medrano under arrest. He was then transported to Central Islip for further processing.

10. At the time of the encounter, Garcia Medrano's brother, a juvenile who appeared to be a teenager, was present. Because no adult guardian was present, the juvenile was transported to the Central Islip Federal Building for his safety. Garcia Medrano's mother was contacted, and she and another adult male who claimed to be the juvenile's uncle later arrived to assume custody of the juvenile.

I declare, under penalty of perjury, that the foregoing is true and correct to the best of my knowledge and belief.

Executed this 19th day of June 2026.

KATHERINE D REY
Digitally signed by KATHERINE D REY
Date: 2026.06.19 21:04:24 -04'00'

Katherine Rey
Deportation Officer
Enforcement and Removal Operations
U.S. Immigration and Customs Enforcement
U.S. Department of Homeland Security