**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

RENE ANTONIO BENITEZ, *et al.*,

                              Plaintiffs,

        v.

DEPARTMENT OF HOMELAND
SECURITY, *et al.*,

                              Defendants.

No. 26-cv-2082
(Bulsara, J.)
(Wicks, M.J.)

Declaration

_____

I, Tony Petito, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1.  I am the Acting Assistant Field Office Director for the U.S. Immigration and Customs Enforcement ("ICE"), Enforcement and Removal Operations ("ERO"), within the U.S. Department of Homeland Security ("DHS"). My permanent position is that of Supervisory Detention and Deportation Officer, a position I have held since 2019. I joined ICE in 2009 as an Immigration Enforcement Agent.

2.  The statements contained in this declaration are based upon my personal knowledge and information made available to me in the course of my official duties.

3.  On Saturday, January 3, 2026, officers on my team and I were assigned to the Long Island Fugitive Operations unit. While conducting a targeted operation in Hempstead, New York, an individual matching the physical description of the primary target was observed walking at or near 124 Washington Street, Hempstead, New York.  I parked and exited my vehicle, approached the individual who was walking on the sidewalk, and asked him to stop. Other officers also stopped and exited their vehicles. To the best of my recollection, I was

displaying credentials identifying myself as an ICE officer. Other officers exited their vehicles parked on the street and joined me on foot on the sidewalk within seconds. After realizing he was not in fact the target, I asked the individual for identification.

4.  The individual identified himself as Hesler Asaf Garcia Lanza and provided officers with an employment authorization card. Officers conducted record checks. The results indicated that Garcia Lanza had approved Special Immigrant Juvenile classification, Deferred Action issued by U.S. Citizenship and Immigration Servies and an approved Employment Authorization Document at the time. Based on my 17 years of experience, it is my understanding that none of these are a form of lawful immigration status in the United States.[1]

5.  Based on the information known to us at the time, we determined that probable cause existed to believe that Garcia Lanza was unlawfully present in the United States. As individuals began gathering around at the scene, officers relocated Garcia Lanza to a safe location approximately two blocks away to avoid confrontation with the crowd while completing the Form I-200, Warrant for Arrest of Alien, and ensuring safekeeping of his property. Once at a safe location, I, then a Supervisory Detention & Deportation Officer, issued a Form I-200, Warrant of Arrest of Alien, officers completed field arrest procedures, and Garcia Lanza was transported to 100 Carman Ave, East Meadow, New York, for processing.

---

[1] I have been advised that, after the events described in this declaration took place, in *Lanza v. Noem*, 26-29 (E.D.N.Y Jan. 4, 2026), the U.S. District Court for the Eastern District of New York held that, because "Garcia Lanza . . . was legally authorized to live and work in the United States, the agents had no cause to arrest and imprison him."

I declare, under penalty of perjury, that the foregoing is true and correct to the best of my

knowledge and belief.


Executed this 19th day of June 2026.

TONY PETITO
Digitally signed by TONY PETITO
Date: 2026.06.19 17:29:36 -04'00'

Tony Petito
Acting Assistant Field Office Director
Enforcement and Removal Operations
U.S. Immigration and Customs Enforcement
U.S. Department of Homeland Security