**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X

RENE ANTONIO BENITEZ *et al.*,

*Plaintiffs*,

**DISCOVERY**
**<u>SCHEDULING ORDER</u>**

Case No. 2:26-cv-2082-SJB-JMW

-against-

U.S. DEPARTMENT OF HOMELAND SECURITY *et al.*,

*Defendants*.

-----------------------------------------------------------------X

**WICKS**, Magistrate Judge:

On July 2, 2026, the Court entered a scheduling order for "expedited discovery," tailored to Plaintiffs' motions for class certification and preliminary injunction. (ECF No. 73.) Per that Order, expedited discovery was to close on August 24, 2026. (*Id.* at 3.) The parties were directed to file a status report by August 21, 2026 proposing a "discovery schedule pursuant to Rule 26(f) for dates and deadlines for the remainder of discovery in this case." (*Id.*)

The parties filed the status report on August 21 as instructed. (ECF No. 79.) Plaintiffs proposed dates for the remainder of discovery. (*Id.* at 3–4.) Defendants did not, instead stating that they intended to move to stay discovery. (*Id.* at 4.) Until that motion is briefed and decided, however, the Court will proceed as planned, because "filing a motion to stay does not automatically relieve a party from compliance with its discovery obligations." *Gingras v. Rosette*, No. 5:15-CV-101, 2016 WL 4442792, at *9 (D. Vt. Aug. 22, 2016) (internal citation omitted).

Accordingly, the Court now adopts the following discovery dates and deadlines:

**October 16, 2026**: ESI and Privilege Log Protocol.

**October 19, 2026**: Service of first interrogatories and document demands.

**November 18, 2026**: Responses to first interrogatories and document demands.

**December 18, 2026**: Motions to join new parties or amend the pleadings.

**February 19, 2027**: Close of all discovery.

Pursuant to Rule 16, this scheduling order will be modified by the Court only upon a timely showing of good cause. *See Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000); *see generally* Jeremiah J. McCarthy, *Rule 16(b)(4): Is "Good Cause" a Good Thing? Why I Hate Scheduling Orders*, 16 Fed. Cts. L. Rev. 1 (2024) (discussing standards applied in determining "good cause" under Rule 16). Any request for modification of this scheduling order must be in writing, set forth the requisite good cause and filed in accordance with the undersigned's Individual Rules. The parties are reminded that any requests to alter or extend a scheduling order *after* the deadlines have passed will need to establish good cause and in addition, excusable neglect, in accordance with Fed. R. Civ. P. 6(b)(1)(B).

Motions to resolve discovery disputes must be made by letter in accordance with Local Civil Rules 37.1 & 37.3 and in compliance with additional requirements set forth in the undersigned's Individual Rules, except deposition rulings which the Court encourages be sought during the deposition. Motions that do not comply with all requirements will be rejected.

**SO ORDERED:**

/S/ *James M. Wicks*
JAMES M. WICKS
United States Magistrate Judge

Dated: August 25, 2026
Central Islip, New York