FILED
CLERK
9/30/2026
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---------------------------------------------X

RENE ANTONIO BENITEZ *et al.*,

*Plaintiffs*,

-against-

U.S. DEPARTMENT OF HOMELAND SECURITY *et al.*,

*Defendants*.

---------------------------------------------X

**MEMORANDUM AND ORDER**

26-cv-02082 (SJB)(JMW)

**WICKS**, Magistrate Judge:

Plaintiffs bring this action against a number of federal agencies and officials (collectively, "Defendants" or "the Government") asserting that the Government's alleged "campaign of suspicionless stops and warrantless immigration arrests without probable cause" violates, *inter alia*, the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 *et seq.* (*See generally*, ECF No. 1.) While this case commenced five months ago, discovery is well underway and now the Court is tasked with determining if a stay of discovery is warranted pending the motion to dismiss. On July 2, 2026, the Court entered a scheduling order for "expedited discovery," tailored to Plaintiffs' motions for class certification and preliminary injunction. (ECF No. 73.) Per that Order, expedited discovery was to close on August 24, 2026. (*Id.* at 3.) The parties were directed to file a status report by August 21, 2026, proposing a "discovery schedule pursuant to Rule 26(f) for dates and deadlines for the remainder of discovery in this case." (*Id.*) The parties filed the status report on August 21 as instructed. (ECF No. 79.) Plaintiffs proposed dates for the remainder of discovery, whereas Defendants did not, instead stating that they

intended to move to stay discovery. (*Id.* at 3–4.) In the meantime, the Court proceeded with discovery as planned and adopted the discovery dates and deadlines proposed by Plaintiffs. (ECF No. 81.) Presently before the Court is Defendants' Motion to Stay Further Discovery (ECF No. 88), which is opposed by Plaintiffs (ECF Nos. 94-95). For the reasons stated herein, Defendants' Motion to Stay (ECF No. 88) pending the resolution of their motion to dismiss is **DENIED**.

**THE LEGAL FRAMEWORK**

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *L.N.K. International, Inc. v. Continental Casualty Company*, No. 22-CV-05184 (GRB)(JMW), 2023 WL 2614211, at *1 (E.D.N.Y. Mar. 23, 2023) (quoting *Thomas v. N.Y. City Dep't of Educ.*, No. 09-CV-5167, 2010 WL 3709923, at *2 (E.D.N.Y. Sept. 14, 2010)). The mere filing of a dispositive motion, in and of itself, does not halt discovery obligations in federal court. That is, a stay of discovery is not warranted, without more, by the mere pendency of a dispositive motion. *Gagliano v. United States*, No. 24-cv-07930 (SJB)(JMW), 2025 WL 1104042, at *2 (E.D.N.Y. Apr. 14, 2025) (internal citation omitted). Rather, "[u]nder Fed. R. Civ. P. 26(c), a district court may stay discovery during the pendency of a dispositive motion for 'good cause' shown." *Alloway v. Bowlero Corp.*, No. 24-CV-04738 (SJB) (JMW), 2025 WL 1220185, at *1 (E.D.N.Y. Apr. 28, 2025) (citing *Hearn v. United States*, No. 17-CV-3703, 2018 WL 1796549, at *2 (E.D.N.Y. Apr. 16, 2018)).

Discovery should be stayed "only when there are no factual issues in need of further immediate exploration, and the issues before the Court are purely questions of law that are potentially dispositive[.]" *Hachette Distribution, Inc. v. Hudson Cnty. News Co.*, 136 F.R.D. 356, 358 (E.D.N.Y. 1991) (Spatt, J.). The overarching goal is "to secure the just, speedy, and

inexpensive determination of every action[.]'" *Id.* at 357 (quoting Fed. R. Civ. P. 1). To illustrate, suppose a case involves multiple defendants, but only some made dispositive motions. That would cut against granting a stay, because "discovery [would] proceed in the case whether or not the [dispositive] motion [were] granted." *Id.* at 359. Along the same lines, courts should aim to minimize redundancy. Sometimes staying discovery may "help prevent duplicative and inefficient litigation[,]" *Drop a Piano Prods., LLC v. Maraboyina*, No. 25 CIV. 8631 (JPC), 2026 WL 473268, at *1 (S.D.N.Y. Feb. 19, 2026), whereas other times it can have the opposite effect and "unnecessarily lead to duplicative document production and depositions[,]" *Hachette Distribution*, 136 F.R.D. at 359. *Au fond*, "[a] court determining whether to grant a stay of discovery pending a motion must look to the 'particular circumstances and posture of each case.'" *Sharma v. Open Door NY Home Care Servs., Inc.*, 345 F.R.D. 565, 568 (E.D.N.Y. 2024) (quoting *Hachette Distribution*, 136 F.R.D. at 358).

That said, the guidelines for considering whether a stay is appropriate are timeworn. In evaluating whether a stay of discovery is justified, courts typically consider: "(1) whether the defendant has made a strong showing that the plaintiff's claim is unmeritorious; (2) the breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay." *Castillo v. Seviroli Foods, Inc.*, No. 21-CV-0005-ERK-JMW, 2021 WL 5416625, at *1 (E.D.N.Y. Nov. 19, 2021) (applying the "three-factor test" to a motion to stay discovery pending the resolution of a motion to dismiss); *Yzryahl v. Figuccio*, No. 2:25-CV-00474 (SJB) (JMW), 2025 WL 1149474, at *2 (E.D.N.Y. Apr. 17, 2025) (same). "While various district courts debate which of the three factors is the most important, 'there can be little doubt that simplification of the issues and prejudice to the opposing party are more important than the case's state of completion.'" *Palladino v. JPMorgan Chase & Co.*, 345 F.R.D. 270, 273

(E.D.N.Y.) (quoting *OV Loop, Inc. v. Mastercard Inc.*, No. 23-CV-1773 (CS), 2023 WL 7905690, at *2 (S.D.N.Y. Nov. 16, 2023), *aff'd*, 730 F. Supp. 3d 4 (E.D.N.Y. 2024)).

**ANALYSIS**

***I. Defendants' Showing that Plaintiffs' Claims are Unmeritorious***[1]

Defendants move for a stay of discovery pending their motion to dismiss under Federal Rule of Civil Procedure 12(b)(1), wherein they argue that Plaintiffs do not have standing as "they have not shown that the alleged future conduct (purportedly unlawful warrantless arrests) as to which they seek prospective relief is based on anything more than speculation." (ECF No. 88-1 at 6.) Defendants also assert that Plaintiffs are not at imminent risk and that they will not be rearrested. (*Id.* at 6-7.)

The underlying motion to dismiss upon which Defendants' motion to stay is premised was filed not as a standalone motion to dismiss, but rather as part of Defendants' response to Plaintiffs' motion for a preliminary injunction. (*See* ECF No. 88-1 at 6 (citing ECF No. 54).) That distinction matters, because it reveals the scope of Defendants' motion to dismiss. Although the Complaint asserts four causes of action,[2] Plaintiffs' preliminary injunction motion focused exclusively on the fourth: warrantless arrests without probable cause of escape risk. (*See* ECF No. 21-1 at 12–13 ("This Court should preliminarily enjoin and stay Defendants' policy and practice of conducting warrantless arrests in New York without making individualized probable cause determinations of escape risk.").) By extension, it follows that Defendants' motion to

---

[1] This conclusion is not intended in any way to pre-judge the motion to dismiss which is before Hon. Sanket J. Bulsara. The analysis is done solely for the purpose of determining whether a discretionary stay is appropriate pending resolution of the motion to dismiss.

[2] The four causes of action asserted by the Complaint are: (1) suspicion-less arrests in violation of Fourth Amendment and APA; (2) race-based arrests in violation of Fifth Amendment equal-protection clause and APA; (3) warrantless arrests without probable cause of unlawful immigration status in violation of APA; and (4) warrantless arrests without probable cause of escape risk in violation of APA. (ECF No. 1 at ¶¶ 494–521.)

dismiss—which was written in response to Plaintiffs' preliminary injunction motion and tacitly assumed its contours—also focuses only on the fourth cause of action.

Therefore, even if Defendants' motion to dismiss is granted in full, discovery in this case will proceed as to the other three causes of action. As such, a stay is not warranted. *See Khan v. New York City*, 757 F. Supp. 3d 327, 335 (E.D.N.Y. 2024) (denying motion to stay where defendants moved to dismiss only some, but not all, of the plaintiffs' claims); *see also DK Gentile & Co. Inc. v. Glob. Indus. Distribution Inc.*, No. 2:25-CV-6810 (NJC) (JMW), 2026 WL 1948966, at *5 (E.D.N.Y. July 6, 2026) (denying motion to stay after concluding that at least one claim would likely survive dismissal, because "[e]ven if the[] other claims are ultimately dismissed, Defendants will not have been prejudiced by producing unnecessary discovery, because they need to produce discovery on Plaintiff's implied covenant claim regardless").

Defendants, however, insist that their motion to dismiss—despite being neatly tucked in the middle of their response (ECF No. 54) to Plaintiffs' preliminary injunction motion—addresses all four claims in the Complaint, and thus could "be dispositive of this action." (ECF No. 96 at 2.) Even if Judge Bulsara does construe the motion to dismiss that way, however, the motion to stay should be denied regardless. In evaluating the apparent strength of a motion to dismiss for purposes of deciding whether to stay discovery, courts require a "strong showing" that the complaint is unmeritorious, or, in other words, "'substantial arguments for dismissal.'" *Lawson v. Rubin*, No. 17-CV-6404 (BMC), 2018 WL 4211446, at *1 (E.D.N.Y. Mar. 7, 2018) (quoting *Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72–73 (S.D.N.Y. 2013)). Here, Defendants' argument for dismissal relies, at least in part, on assertions that "Defendants do not have the purported unlawful policies" and that "Plaintiffs were not subjected to unlawful warrantless arrests[.]" (ECF No. 88-1 at 6-7.) But it is well-established that

"evidence outside of the Complaint may not be considered by the Court when deciding a motion to dismiss brought pursuant to Fed. R. Civ. P. 12(b)(6)." *Oxman v. Downs*, 999 F. Supp. 2d 404, 406 (E.D.N.Y. 2014) (citing *DiFolco v. MSNBC Cable L.L.C.,* 622 F.3d 104, 113 (2d Cir. 2010)). Indeed, "a district court errs when it considers affidavits and exhibits submitted by defendants, or relies on factual allegations contained in legal briefs or memoranda, in ruling on a 12(b)(6) motion to dismiss." *Friedl v. City of New York*, 210 F.3d 79, 83–84 (2d Cir. 2000) (citation modified). Hence, although Defendants' arguments for dismissal may yet carry the day, they face an uphill battle. For purposes of staying discovery, then, Defendants have not satisfied their burden of making a "strong showing" that the Complaint is unmeritorious. *See Alternative Energy Se., Inc. v. Cardconnect, LLC*, No. 2:26-CV-00944 (SJB) (JMW), 2026 WL 1785218, at *2–3 (E.D.N.Y. June 22, 2026) (denying motion to stay where underlying motion to dismiss assumed facts not in the complaint). Put another way, mere denials of the claims is insufficient.

Accordingly, the first factor leans against the issuance of a stay.

## ***II. Breadth of Discovery***

The second factor—breadth and corresponding burdens of discovery—weighs marginally in favor of staying discovery. "[A] party seeking a stay must proffer specific reasons why discovery is likely to be unusually complex." *Combs v. Burgess*, No. 25 CIV. 650 (JPC), 2026 WL 205571, at *2 (S.D.N.Y. Jan. 27, 2026). Courts assessing this factor "look to whether discovery would reach such a wide breadth that good cause for a stay exists," which includes the "number of defendants and claims." *Choudhury v. NYC Health & Hosps. Corp.*, No. 25-CV-5240 (PAE), 2025 WL 2977837, at *4 (S.D.N.Y. Oct. 22, 2025) (citations omitted) (collecting cases). Here, Defendants are seven Federal agencies and nine Federal officials, and Plaintiffs are "eight individual Plaintiffs and one organizational Plaintiff who seek to represent classes

comprising thousands of members"; as such, discovery will be a considerable undertaking. (*See* ECF No. 88-1 at 8.) This factor therefore leans toward granting Defendants' motion to stay discovery.

Defendants go too far, however, in asserting that since all four claims in the Complaint arise under the APA, no discovery at all is warranted beyond the administrative record. (*See* ECF No. 88-1 at 9 (arguing that "even if Plaintiffs' APA claims survive dismissal, Plaintiff will not be entitled to discovery" because "discovery generally is not available in an APA action").) It is true that "[w]hen a party challenges agency action under the APA, the district court acts as an 'appellate tribunal' . . . . reviewing the administrative record compiled by that agency when it made the decision[.]" *Saleh v. Blinken*, 596 F. Supp. 3d 405, 413 (E.D.N.Y. 2022) (citation modified; internal citations omitted). But that is not a foregone conclusion; there are exceptions where discovery beyond the administrative record is permitted in APA cases. *See Petrova v. U.S. Dep't of Homeland Sec.*, No. 25-CV-00240, 2026 WL 936766, at *7 (D. Vt. Apr. 7, 2026) (quoting *Safe Haven Home Care, Inc. v. U.S. Dep't of Health & Hum. Servs.*, 130 F.4th 305, 324 (2d Cir. 2025)) (discussing that the Second Circuit permits the "admission of extra-record evidence" in at least three circumstances). One such circumstance is "where the absence of formal administrative findings makes such investigation necessary in order to determine the reasons for the agency's choice." *Safe Haven*, 130 F.4th at 324. That is precisely the situation here. This is not a case where a plaintiff challenges a discrete, singular administrative decision such as denial of social security benefits or the revocation of a visa. Rather, Plaintiffs allege a systematic pattern and practice or arrests, carried out by a multiplicity of agencies and agents, across a dynamic and often chaotic landscape. Unsurprisingly given the circumstances, Defendants have not yet produced any record, because—as they admit—they "are unable to

determine what such an administrative record would include." (ECF No. 96 at 6.) Their insistence that discovery will be neatly wrapped in a bow within the four corners of the record rings hollow.

In sum, although the Court agrees with Defendants that discovery will likely be voluminous, the Court disagrees that such discovery in an APA case is unwarranted altogether. Discovery is warranted. This factor favors Defendants, but not as overwhelmingly as their briefing suggests.

***III. Risk of Unfair Prejudice***

"Mere delay in the litigation does not establish undue prejudice." *Wiesel v. Apple Inc.*, No. 19-CV-7261 (JMA)(JMW), 2021 WL 5038764, at *3 (E.D.N.Y. Oct. 29, 2021). However, where delay could result in potential unlawful acts, then risk of prejudice may exist. *See Luxury Cars of Bayside, Inc. v. BMW of N. Am., LLC*, No. 26-CV-00163 (JMA) (JMW), 2026 WL 592530, at *6 (E.D.N.Y. Mar. 3, 2026) ("The Court is persuaded by Plaintiff's argument that allowing the stay would result in prejudice to Plaintiff because it would impair the right to prove the unlawful conduct Defendant is committing.").

Here, Plaintiffs point to a line of cases where courts have recognized the ongoing threat posed by the Government and its agencies. *See Garcia Lanza v. Noem*, 822 F. Supp. 3d 326, 332–33 (E.D.N.Y. 2026) ("For avoidance of doubt, at no time did an ICE officer obtain a judicial arrest warrant – requiring a demonstration of probable cause for the arrest to a detached, independent judicial officer – the procedure envisioned by the U.S. Constitution."); *Chaglla v. Maldonado, et al.*, No. 26-CV-4308 (BMC), 2026 WL 2529494, at *2-4 (E.D.N.Y. Aug. 27, 2026) ("When ICE arrests first and pencil-whips the I-200 later, courts have uniformly found the arrests unlawful."); *see also Ovando, et al., v. Mullin et al.*, No. 1:25-CV-03183-RBJ, 2026 WL

2641058, at *19 (D. Colo. May 12, 2026) (internal citation and quotation marks omitted) ("The issuance of administrative warrants by ICE officers to arrest collaterals in the field without the concurrent or prior issuance of a notice to appear ('NTA') is a practice that predates this case but is not explicitly provided for by statute or regulation, and no binding judicial authority has approved it.").

Given the fast-paced litigation and the harm alleged by Plaintiffs, staying discovery would create a non-negligible risk of unfair prejudice. The monumental issues at stake—including due process and basic constitutional rights and liberties—deserve full adjudication on the merits as swiftly as possible. *See Police Benevolent Ass'n of the City of New York, Inc. v. City of New York*, No. 26-CV-3243 (VSB) (KHP), 2026 WL 2766997, at *5 (S.D.N.Y. Sept. 17, 2026) (denying stay where "Plaintiffs allege a continuing policy producing ongoing effects, rather than a past event for which consequences will remain unchanged during a stay"); *see also, e.g.*, *Khan*, 757 F. Supp. 3d at 336–37 (denying stay where plaintiff "raised concerns about the impact of this litigation on his professional career and potential legal consequences").

Accordingly, careful consideration of the relevant factors demonstrates that good cause does not exist to stay discovery pending resolution of the motion to dismiss.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Stay (ECF No. 88) is **DENIED**.

Dated: Central Islip, New York
September 30, 2026

**S O O R D E R E D:**

/S/ *James M. Wicks*
JAMES M. WICKS
United States Magistrate Judge