**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

*610 Federal Plaza*
*Central Islip, New York 11722*

November 4, 2026

**By ECF**
Honorable Sanket J. Bulsara
United States District Judge
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

Re: *Benitez et al. v. U.S. Department of Homeland Security, et al.*, Civil Action No. 26-cv-2082 (E.D.N.Y.) (Bulsara, J.) (Wicks, M.J.)

Dear Judge Bulsara:

This Office represents Defendants in the above-captioned action. We write in response to Your Honor's October 21, 2026 Order directing the parties to provide a letter "regarding their view about how the injunction entered in *Sanchez Alfaro*[1] affects the positions taken or relief sought in this case." For the reasons set forth below, Defendants respectfully submit that the *Alfaro III* decision imposed relief as to the petitioner there only and did not impose any injunction applicable to Defendants this action.

## I. Background

In *Alfaro*, ICE made a commitment "concerning warrantless arrests," representing that, "[i]n the hypothetical event Petitioner were to be redetained . . . a warrant of arrest shall be obtained except when an immigration officer has reason to believe that the person is likely to escape before a warrant can be obtained in accordance with 8 C.F.R. § 287.8(c)(2)(ii)." *Alfaro III* at *1-2. The Court understood ICE's commitment to be "coextensive with—and no greater than—the statutory requirements of 8 U.S.C. § 1357, which limits immigration officers' arrest authority to certain prescribed circumstances." *Id*. at *2.

[1] Citing *Sanchez Alfaro v. Mullin*, 2026 WL 1382985, at *3 (E.D.N.Y. May 18, 2026), which Defendants shall refer to as *Alfaro III*. *Alfaro III* "incorporated [] by reference" the two prior decisions in that case, *Alfaro v. Mullin*, 2026 WL 1142478 (E.D.N.Y. Apr. 27, 2026) ("*Alfaro II*") and *Alfaro v. Mullin*, 831 F. Supp. 3d 177 (E.D.N.Y. 2026) ("*Alfaro I*"). *Alfaro III* at *1. References to "*Alfaro*" are to the matter generally.

## II. *Alfaro III* Was Limited To The Petitioner

*Alfaro III* made permanent the provisional grant of Alfaro's petition. *See Alfaro III* at *3. In addition to granting the petition, the Court ordered:

1: "Respondents will not re-detain *petitioner* for the purpose of civil immigration enforcement action …." *Alfaro III* at *3 (emphasis added).

2: "Before effecting a civil immigration arrest in this judicial district, ICE shall obtain a valid warrant of arrest in advance, except when an immigration officer has reason to believe that the person is likely to escape before a warrant can be obtained in accordance with 8 C.F.R. § 287.8(c)(2)(ii)." *Id.*

3: "USCIS will not take steps to again terminate *petitioner's* deferred action and work authorization …". *Id.* (emphasis added).

Each of these directives is limited to future conduct involving only the *Alfaro* petitioner. *See id.* With respect to the Second directive, *Alfaro II* clarifies that the Court, in granting the petition (*i.e.*, *Alfaro I*), was discharging its duty to "ascertain whether the statutory and constitutional violations will recur as to this *specific petitioner.*" *Alfaro II* at *8 (emphasis added); *see also id.* (referring to violations related to "the petitioner" and relief to "protect petitioner"); *id.* at *9 (referring to harms "against petitioner").

These statements, clarifying that any injunctive relief was directed toward Alfaro, were incorporated into the *Alfaro III* decision. *Alfaro III* at *1. Moreover, the Court restated this intent in that decision.[2] *Alfaro III* at *1 ("such that *petitioner* will not be subject to further [] stops") (emphasis added); *id.* ("ensure that *petitioner* is not subject to rearrest and further violations") (emphasis added); *id.* at *3 ("Respondents' adherence to this position will help ensure that 'the statutory and constitutional violations will [not] recur *as to this specific petitioner.*") (quoting *Alfaro II* at *8) (emphasis added).

Moreover, as Respondents argued in their motion for reconsideration of *Alfaro I*, 8 U.S.C. § 1252(f)(1) bars courts from imposing injunctions other than as to individual aliens. *Alfaro*, ECF No. 19-1 at 5-6. Specifically, § 1252(f)(1) provides that:

> Regardless of the nature of the action or claim or the identity of the party or parties bringing the action, *no court (other than the Supreme Court)* shall have jurisdiction or authority *to enjoin or restrain the operation of* the provisions of part IV [§§ 1221

---

[2] Although the Court opined that its "Order[s], codifying ICE's own commitment to this Court, 'might have the *practical effect* of benefiting nonparties'" [*Alfaro III* at *3 (emphasis in original) (quoting *Trump v. CASA, Inc.*, 606 U.S. 831, 852 (2025))], any such "'benefit is merely incidental.' As a matter of law, the injunction's protection extends only to the suing plaintiff – as evidenced by the fact that only the plaintiff can enforce the judgment … [if] another [individual wants to stop the same activity], she must file her own suit." *CASA*, 606 U.S. at 852.

> to 1231] of this subchapter … other than with respect to the application of such provisions *to an individual alien* against whom proceedings under such part have been initiated. (emphasis added).

This interpretation of § 1252(f)(1) was confirmed by the Supreme Court in *Garland v. Aleman Gonzalez*, 596 U.S. 543, 549-50 (2022) ("§ 1252(f)(1) generally prohibits lower courts from entertaining injunctions that order federal officials to take or to refrain from taking actions to enforce, implement, or otherwise carry out the referenced INA statutory provisions," except when limited "to an individual alien."). Thus, the Court's Orders in *Alfaro III*, which expressly apply to Alfaro only, would violate § 1252(f)(1) if read to have broader application.

## III. *Alfaro III* Does Not Define "Valid' Warrant, And Other Courts Found That A Purported Defect In Process Does Not Invalidate A Warrant

ICE's commitment in *Alfaro* acknowledged that, if it were to redetain petitioner, a warrant would be obtained before an arrest, or else it would follow the warrantless arrest procedures in § 287.8(c)(2)(ii) – *i.e.* – follow the law. Respondents' submission did not include language regarding "valid warrants" or go beyond application to Alfaro.

Regardless, the question of what constitutes a valid warrant has been the subject of extensive litigation since *Alfaro III*. Critically, a number of courts have held that a warrant is not invalid even where there is a purported defect in process (*e.g*., an NTA was issued after the warrant).[3] *See Gagea v. Maldonado*, 2026 WL 2859032, at *2 (E.D.N.Y. Sept. 23, 2026)*; Gamez-Quintanilla v. Arteta*, 2026 WL 2517655, at *2 (S.D.N.Y. Aug. 26, 2026); *Loja Loja v. Acting Field Off. Dir.*, 2026 WL 2321934, at *6 n.4 (S.D.N.Y. Aug. 10, 2026); *Gutama Gutama v. Maldonado*, 2026 WL 3152059, at *2 (E.D.N.Y. Oct. 21, 2026); *Ramirez v. Genalo*, 2026 WL 1815771, at *4 (E.D.N.Y. June 24, 2026); *Grigorenko v. Maldonado*, 2026 WL 3181692 at *5 (E.D.N.Y. Oct. 20, 2026); *but see P.A.G.C. v. Genalo*, 2026 WL 3216694, *3 (E.D.N.Y. Oct. 27, 2026) (concluding that "the government's authority to arrest and detain [pursuant to § 1226(a)] begins only when the government files the NTA with the immigration court," not when an NTA is issued). Regardless, Defendants have maintained throughout this action that a warrant that is deemed defective is not invalid and does not mean an arrest was warrantless. ECF 54 at 39 n.9; ECF No. 89 at p. 7-8. ).[4]

---

[3] Defendants do not suggest, or concede, that any of the warrants at issue in this case were defective or that a warrant is defective because an NTA is issued after the warrant. *See* ECF 89 n.4.

[4] Defendants acknowledge that *Alfaro III* referred to the decisions of other courts which found illegal the "issu[ance of] warrants post-arrest or prior to the commencement of removal proceedings," *Alfaro III* at *2; however, only one case – *Yeleshev v. LaRocco*, 2026 WL 1353806, *1 (E.D.N.Y. May 14, 2026) – was specifically cited. *Alfaro III* at *2 n. 2. That case is on appeal. 26-1898 (2d Cir.). Additionally, the Court cited to its decision in *Alfaro I*, which cited *Garcia Lanza v. Noem*, No. 26-cv-0029, 822 F. Supp. 3d 326 (E.D.N.Y. Mar. 3, 2026), *Rodriguez-Acurio v. Almodovar*, 811 F. Supp. 3d 274 (E.D.N.Y. 2025), and *Gopie v. Lyons*, No. 25-cv-5229, 2025 WL 3167130, at *1 (E.D.N.Y. Nov. 13, 2025), each of which predates the more recent decisions cited herein. Nonetheless, Defendants recognize there is a split among courts on the issue of NTA timing. *See also, e.g., P.A.G.C.*, 2026 WL 3216694, at *3.

This evolution in the law emphasizes that, without more, the term "valid warrant," as used in *Alfaro III,* was arguably not "specific and definite enough to apprise those within its scope of the conduct that is being proscribed." *Alfaro III*, at *2 (citing *S.C. Johnson & Son, Inc. v. Clorox Co.*, 241 F.3d 232, 240 (2d Cir. 2001)).

**IV. Conclusion**

Defendants respectfully submit that the *Alfaro III* decision did not impose any injunction on Defendants applicable to this action.

Respectfully submitted,

JOSEPH NOCELLA, JR.
United States Attorney

By: s/ *Thomas R. Price*
Thomas R. Price
Marika Lyons
Diane C. Leonardo
Assistant U.S. Attorneys
(631) 715-7893
thomas.price@usdoj.gov

cc: By ECF
All counsel of record

**CERTIFICATE OF COMPLIANCE PURSUANT TO LOCAL RULE 7.1(C)**

I, Thomas R. Price, certify that the foregoing letter, dated November 4, 2026, complies with the requirements of Local Rule 7.1(C), Section VI.A of Your Honor's Individual Practice Rules, and the October 21, 2026 Order, in that the body of the letter (including footnotes) contains 1394 words.

Dated: November 4, 2026
Central Islip, New York

*/s/ Thomas R. Price*
Assistant U.S. Attorney