**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

November 23, 2026

Honorable Sanket J. Bulsara
United States District Judge
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

Re: *Benitez, et al., v. U.S. Department of Homeland Security, et al.*
Civil Action No., 26-cv-2082 (E.D.N.Y.) (Bulsara, J.)(Wicks, M.J.)

Dear Judge Bulsara:

I respectfully submit this letter in connection with the Court's November 9, 2026 Minute Order regarding the Government's November 4, 2026 letter (the "November 4th Letter") filed in the above captioned case.

This Court correctly observed that the November 4th Letter contained misstatements as identified by the Court at the November 9, 2026 hearing. As the U.S. Attorney, I bear ultimate responsibility for these errors. I sincerely apologize to the Court.

The November 4th Letter was reviewed before it was filed, including by me. I am responsible for the work of this office and I should have ensured that the errors were caught. To that end, I am meeting with my supervisors to discuss ways to minimize the likelihood of this type of error recurring.

I respectfully submit that the misstatements were not made with any intent to defraud, mislead or deceive. The November 4th Letter quoted the *Alfaro* order accurately, including the directive that ICE obtain a warrant before "effecting a civil immigration arrest *in this judicial district*," (*see* November 4th Letter at 2) (emphasis added). However, the November 4th Letter then stated that the directive "*is limited to future conduct involving only the Alfaro petitioner*." *Id.* (emphasis added). That statement, and its repetition in the places identified by Your Honor, was inaccurate because the language of the injunction was a district-wide directive.

The error was to state a legal position as though it were a fact, *i.e.*, by asserting that the *Alfaro* order applied only to the *Alfaro* petitioner when by its terms it did not. Instead, the November 4th Letter should have clearly stated that it was expressing only a position that the *Alfaro* order does not create enforceable rights for the Plaintiffs in the *Benitez* class action, a position advanced by those class action Plaintiffs themselves. *See* Plaintiffs' November 4, 2026 letter at 3 ("[T]he class members are not parties to the *Sanchez Alfaro* judgment and have no

legal or practical ability to enforce its terms"). Had the statements been framed as the Government's position, rather than as a fact, the error would have been averted. Had there been any effort to mislead the Court, the *Alfaro* directive would not have been quoted in full. The quotation is inconsistent with an intent to deceive. Further demonstrating that the office had no intent to deceive or mislead, the November 4th Letter also cited non-binding caselaw adverse to its position regarding the application of the injunction's valid warrant requirement. *See* November 4th Letter at 3.

It is my understanding that the supervisors who reviewed the November 4th Letter also read the misstatements as setting forth the Government's position regarding the applicability of the *Alfaro* injunction to the *Benitez* class action and not as misstatements of fact regarding the scope of the injunction. It was a shared misunderstanding. The office does not offer this as a defense of the misstatements. They were inaccurate, however unintentional. But the shared misunderstanding explains why the error was not caught and it confirms that there was no intent to mislead the Court.

I respectfully request that the Government be permitted to file a corrected letter that supersedes the November 4th Letter by December 15, 2026 and that further submittals be deferred until after the Court has had an opportunity to review the Government's corrected letter.

With regard to further submittals, I note that a lengthy process involving various Department components is underway to address issues arising from this matter, including, among others, representation for the AUSAs. My office does not have control over the timing of this process.

I again ask the Court to please accept my sincere apology on behalf of my office and myself and I thank the Court for considering these requests.

Plaintiffs take no position on Defendants' request to file a new letter but do not consent to a date beyond November 30, 2026. Defendants maintain, however, that November 30, 2026 does not provide sufficient time to submit the corrected letter. Plaintiffs also seek the opportunity to respond within one week of Defendants' filing which the Government does not oppose.

This is Defendants' second request for an adjournment.

Respectfully submitted,

JOSEPH NOCELLA, JR.
United States Attorney

cc: By ECF
All counsel of record